# EXHIBIT A

**大成 DENTONS**

**Leah R. Bruno**
Partner

leah.bruno@dentons.com
D   +1 312-876-7456

Dentons US LLP
233 South Wacker Drive
Suite 5900
Chicago, IL  60606-6361
United States

dentons.com

January 21, 2021

**<u>VIA EMAIL AND FEDEX</u>**

Knobbe, Martens, Olson & Bear LLP
c/o William Zimmerman, Managing Partner
1717 Pennsylvania Avenue N.W.
Suite 900
Washington, DC 20006
bill.zimmerman@knobbe.com

**Re**:   ***Diamond Services Management Company LLC et al v. C&C Jewelry
Manufacturing, Inc. et al.,*** **19-cv-07675 (N.D. Illinois)**

Dear Mr. Zimmerman:

Enclosed please find a Subpoena to Produce Documents, Information or Objects
("Subpoena") in connection with the above-referenced civil action that is pending in the Northern
District of Illinois.  The Subpoena relates to a Request for Certificate of Correction concerning
Patent No. 6,928,734 that was filed by your firm on or about April 23, 2019 by Julie E. Burke,
Ph.D.  For your reference, the Request for Certificate of Correction is attached as Exhibit A.

Please respond within the time period set forth in the Subpoena.  If you have any
questions or concerns, please do not hesitate to contact me.

Sincerely,

Dentons US LLP,

Leah R. Bruno

cc:  Tony K. Lu

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | |
|---|---|
| Diamond Services Management Company et al. <br><br> *Plaintiff* <br> v. <br> C&C Jewelry Manufacturing, Inc. et al. <br><br> *Defendant* | ) <br> ) <br> ) <br> )    Civil Action No.   19-cv-07675 <br> ) <br> ) <br> ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Knobbe, Martens, Olson & Bear LLP c/o William R. Zimmerman, Managing Partner
       1717 Pennsylvania Avenue N.W. Suite 900, Washington, DC 20006

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

       See attached Schedule A.

| Place: Dentons US LLP <br>       1900 K. Street, NW, Washington, DC 20007 | Date and Time: <br><br>      02/05/2021 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    01/21/2021

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Leah R. Bruno |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Leah R. Bruno, _____ , who issues or requests this subpoena, are:

Dentons US LLP, 233 S. Wacker Dr., #5900, Chicago, Illinois 60606, leah.bruno@dentons.com, 312-876-7456

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit A, 003

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   19-cv-07675

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Exhibit A, 004

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Pursuant to the subpoena for documents only, Knobbe, Martens, Olson & Bear LLP is required to produce, by the date stated on the subpoena, the documents requested herein.

## INSTRUCTIONS

1. Unless otherwise agreed, all documents shall be provided in native format. Plaintiffs are willing to receive native format productions from You and to Bates number those documents on Your behalf to minimize any burden and expense associated with processing and labeling responsive documents.

2. The Relevant Time Period for each request below is January 1, 2018 through the present, unless otherwise noted.

## DEFINITIONS

1. The term "Action" shall mean the lawsuit, *Diamond Services Management Company LLC et al. v. C&C Jewelry Manufacturing, Inc. et al.,* N.D. Illinois (19-cv-07675).

2. The terms "and," "or," and "and/or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the request all responses which otherwise might be construed to be outside its scope.

3. The term "Barnes & Thornburg LLP" shall mean the law firm Barnes & Thornburg LLP, and their partners, employees, counsel, affiliates, agents, representatives, accountants, contractors, consultants, experts, attorneys, and each person acting or purporting to act on their behalf or under their control.

4. The term "C&C" shall mean C&C Jewelry Mfg., Inc., any company name under which it is doing business or has done business in the past; and its predecessors, parents, subsidiaries, divisions, directors, officers, employees, agents, distributors, salespersons, sales

representatives, and attorneys, and each person acting or purporting to act on its behalf or under its control.

5. The term "CCFJM" shall mean C&C Fine Jewelry Mfg., Inc., any company name under which it is doing business or has done business in the past; and its predecessors, parents, subsidiaries, divisions, directors, officers, employees, agents, distributors, salespersons, sales representatives, and attorneys, and each person acting or purporting to act on its behalf or under its control.

6. The term "Connolly" shall mean Robert G. Connolly, his agents, representatives, attorneys, consultants, and each person acting or purporting to act on their behalf or under their control.

7. The term "date" shall mean the exact day, month, and year (to the degree ascertainable) or, if not ascertainable, the best approximation (including relationship to other events).

8. The terms "describe" and "state" shall mean to set forth fully and unambiguously every fact relevant to the subject of the request.

9. The term "document" shall mean writings, recordings and other communications, whether reduced to tangible or electronic form, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including without limitation, correspondence, memoranda, notes, executable and non-executable electronic files, including e-mail, compiled software, source code, bug tracking, screen shots, diaries, minutes, statistics, letters, telegrams, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, prospectuses, calendars, diaries, planners, interoffice and intra-office communications, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, meetings, presentations, or printouts,

teletypes, fax, invoices, work sheets, and all drafts, alterations, modifications, changes and

amendments of the foregoing), graphic or oral representations of any kind (including without

limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion

pictures, plans, drawings, surveys), and electronic or electro-mechanical records or

representations of any kind (including without limitation, computer memory, hard drives,

discs, tapes, cassettes and recordings).

10. The term "Request for Certificate of Correction" shall refer to the Request for Certificate of

Correction for U.S. Patent No. 6,928,734, which was filed with the United States Patent and

Trademark Office on or about April 25, 2019, and which was denied.  A copy is attached

hereto as <u>Exhibit A</u> for Your reference.

11. The terms "identify" and "describe" shall mean providing, among other things:

    (a)    with respect to a natural person, home and work addresses and telephone

numbers, the name of the person's present (or if unknown, the last known) place of

employment, date of commencement and termination (if any) of employment, job title, and

description of his or her duties and responsibilities;

    (b)    with respect to a corporation or other non-natural person, the full name, address,

main telephone number, state of incorporation, and identity of all persons who have acted on

behalf of such entity with respect to the subject matter of the request;

    (c)    with respect to a document, the type of document (e.g., letter, e-mail, fax,

contract, calendar, invoice, report); the number of pages or size of electronic file; a

description of the document's contents; an identification of the person(s) who prepared the

document, for whom the document was prepared, who signed the document, to whom the

document was delivered, mailed, or otherwise received, and to whom a copy of the document

was sent or otherwise received; the date of writing, creation, or publication; identifying

number(s), letter(s), or combination thereof, if any; the significance or meaning of such

number(s), letter(s) or combination thereof; for electronic documents, the name of the

software used to generate the document and the electronic file type; and the present location

and identity of the custodian of that document. Documents to be identified shall include all

documents in your possession, custody or control, documents you know or believe to have

existed but are no longer existing, and other documents of which you have knowledge or

information.

12. The term "License Agreement" shall mean the agreement, effective December 14, 2011,

between Plaintiffs and C&C and Connolly, which is the subject of this Action.

13. The terms "person" and "persons" shall mean natural persons (including, without limitation,

those employed by C&C, CCFJM, or Connolly), as well as all governmental entities,

agencies, officers, departments, or affiliates of any other governmental entity, and any

corporation, foundation, partnership, proprietorship, association, or other organization.

14. The terms "Plaintiffs" shall mean Diamond Management Services Company, LLC and

Frederick Goldman, Inc., their predecessors, parents, subsidiaries, divisions, licensees,

franchisees, assigns or other related business entities, as well as directors, officers,

employees, agents, distributors, salespersons, sales representatives, and each person acting or

purporting to act on its or their behalf or under its or their control.

15. The terms "relating to" and "referring to" shall be interpreted broadly so as to encompass the

liberal scope of discovery set forth in Federal Rule of Civil Procedure 26(b).

16. The term "Scheef & Stone, LLP" shall mean the law firm Scheef & Stone, LLP, and their

partners, employees, counsel, affiliates, agents, representatives, accountants, contractors,

consultants, experts, attorneys, and each person acting or purporting to act on their behalf or under their control.

17. The term "You", "Your", "Yours" shall mean Knobbe, Martens, Olson & Bear LLP, their employees, officers, affiliates, agents, representatives, accountants, contractors, consultants, experts, attorneys, and each person acting or purporting to act on their behalf or under their control.

18. The "'734 Patent" shall mean United States Patent No. 6,928,734, and all products covered under the '734 Patent.

## DOCUMENT REQUESTS

1. Documents sufficient to identify the client or clients that retained You to file the Request for Certificate of Correction.

2. All invoices or bills for services rendered relating to the Request for Certificate of Correction.

3. All documents and communications relating to the '734 Patent, the Action, or the License Agreement.

4. All documents and communications with Scheef & Stone, LLP, Barnes & Thornburg LLP, Connolly, C&C, or CCFJM relating to the Request for Certificate of Correction.

# EXHIBIT A

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/426,054 | 04/28/2003 | Trent West | 81876-4096 | 2695 |

29693        7590        10/16/2019
WILEY REIN LLP
1776 K STREET N.W.
WASHINGTON, DC 20006

| EXAMINER |
|---|
| JIMENEZ, MARC QUEMUEL |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3726 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 10/16/2019 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ptodocket@wileyrein.com

PTOL-90A (Rev. 04/07)

| **Response to the Request for Certificate of Correction** | **Patent No.** 6928734 | **Applicant(s)** West, Trent |
|---|---|---|
| | **Issue Date** 08/16/2005 | **Docket No.** 81876-4096 |

This is in response to the request for a Certificate of Correction filed <u>25 April 2019</u>

☑ **Request Denied** - Consideration has been given to your request for the issuance of a Certificate of Correction under the provisions of 37 CFR 1.322 and/or 37 CFR 1.323. The Request is improper and denied for the reason(s) below:

1. ☐ Assignees' names and addresses (assignment data) printed in a patent, are based solely on information supplied in the appropriate space for identifying the assignment data on the Issue Fee Transmittal Form (PTOL-85b). Any request for a patent to be corrected to state the name of the assignee, must state that the assignment was submitted for recordation as set forth in 37 CFR 3.11 before issuance of the patent. Petition under 3.81 is to be filed for consideration of correction to assignee. The petition fee set forth in 37 CFR 1.17(i)(1) (currently $140, $70, $35 for large, small and micro entities, respectively.

2. ☐ The alleged error in _____, is in fact an Amendment and/or Change made by the examiner and considered to be in accordance with the permissible amendments enumerated in the Manual of Patent Examining Procedure (MPEP) Section 1302.04. Applicant did not file objection or amendment under 37 CFR 1.312 prior to payment of the issue fee.

3. ☐ A petition under CFR 1.182 is required to correct the alleged errors in spelling or order of inventor's names, since inventor's names are printed solely in accordance with the type-written names, and in the order of the type-written names on the Application Data Sheet (ADS). The required fee currently under rule 1.17(f) (small entity $200, large entity $400, micro entity fee $100).

4. ☐ With respect to the alleged error in changing the inventor name on the patent due to clerical error in ADS/OATH of related patents. The inventors name is printed in accordance with the OATH/ADS submitted at the time of filing the application. However, your attention is directed to C.F.R. 1.324, wherein a request is being made to change, add or delete inventor(s), after issuance of the patent.

5. ☐ With respect to the alleged error in _____, comparison of the printed patent with the corresponding location in the application file reveals that there is no discrepancy.

6. ☐ With respect to 37 CFR 1.72, the title should be brief but technically accurate and descriptive and should contain fewer than 500 characters. Inasmuch as the words "new," "improved," "improvement of," and "improvement in" are not considered as part of the title of an invention, these words should not be included at the beginning of the title of the invention and will be deleted when the Office enters the title into the Offices computer records, and when any patent issues.

7. ☐ The fee for correction under 37 CFR 1.323 is set forth in 37 CFR 1.20(a). ☐ Partial fee ☐ No fee was received with your request. Full fee payment is required before further action is taken on this request.

8. ☐ With respect to the request for corrected Letters Patent (Grant), corrections to the original Letters Patent are made under the provisions of Rule 1.322(b), not Rule1.323, unless a petition is granted.

9. ☑ Other Comments: <u>See Continuation Sheet</u>

*Further correspondence concerning this matter should be filed and directed to the Certificates of Correction Branch.*

Legal Instrument Examiner: <u>/VALERIE JACKSON/</u>          Phone: <u>(571)272-3423</u>
LIE, ODM
Certificates of Correction Branch email: <u>CustomerServiceCoC@uspto.gov</u>          CoC Central Phone Number: (703)756-1814

*If applicable, information regarding a petition under 37 CFR 1.183 should be directed to the attention of the Commissioner for Patents using the FAX number (571) 273-8300*

**Continuation Sheet (PTO-998)**                                                                 **Patent No.** 6928734

Continuation of Other Comments: There are a number of instances both during prosecution of this application, and subsequent to patent grant, of applicant going back and forth as to whether domestic priority is/was intended to be claimed in this application. The last request for a Certificate of Correction ( entered 1/8/2019) was made at the request of applicant to correct applicant's mistake to delete any such claim. Any subsequent request for a Certificate of Correction must therefore also be considered applicant's mistake, and governed by MPEP 1481.

As to the first matter in the Certificate of Correction, the request to add the sentence "This patent is subject to a terminal disclaimer." is DENIED. There is nothing in the file to suggest that the TD was ever approved and entered, and in fact, a paper exists in the file explicitly noting that the TD was DISAPPROVED (6/22/04). In addition, there are two separate entries in the PALM system (on 6/22/04 and 8/5/04) indicating that the TD was not approved.

As to the second matter in the Certificate of Correction, the request to incorporate the priority data on both the face of the patent and in the specification is also DENIED. Applicant is directed to MPEP 1481.03 II, Correction as to 35 USC 120 and 35 USC 119(e) Benefits. As outlined therein, under certain conditions, a certificate of correction can be used to correct a benefit claim under 35 USC 120 to correct "(A) the faliure to make reference to a prior copending nonprovisional application." These "certain conditions" are outlined in section A. Conditions for Certificate of Correction. Listed therein, as 1(C), one of the requirements is "a grantable petition to accept an unintentionally delayed claim under 37 CFR 1.78(e) muct be filed, including the petition fee as set forth in 37 CFR 1.17(m)." No petition has been filed along with applicant's Certificate of Correction.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/426,054 | 04/28/2003 | Trent West | 81876-4096 | 2695 |

29693          7590          10/03/2019
WILEY REIN LLP
1776 K STREET N.W.
WASHINGTON, DC 20006

| EXAMINER |
|---|
| JIMENEZ, MARC QUEMUEL |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3726 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 10/03/2019 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ptodocket@wileyrein.com

Exhibit A, 016



**UNITED STATES PATENT AND TRADEMARK OFFICE**

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

Patent No.:   6928734
Issue Date:   08/16/2005
Appl. No.:    10/426,054
Filed:        04/28/2003

## PART (A) RESPONSE FOR CERTIFICATES OF CORRECTION

This is a decision on the Certificate of Correction request filed <u>25 April 2019</u>.

The request for issuance of Certificate of Correction for the above-identified correction(s) under the provisions of 37 CFR 1.322 and/or 1.323 is hereby:

(Check one)
☐ Approved          ☐ Approved in Part          ☑ Denied

Comments: <u>See Continuation Sheet</u>

## PART (B) PETITION UNDER 37 CFR 1.324 OR 37 CFR 1.48

☐ This is a decision on the petition filed ____ to correct inventorship under 37 CFR 1.324.

☐ This is a decision on the request under 37 CFR 1.48, petition filed ____ . In view of the fact that the patent has already issued, the request under 37 CFR 1.48 has been treated as a petition to correct inventorship under 37 CFR 1.324.

The petition is hereby:        ☐ Granted          ☐ Dismissed

Comment: ____

The patented filed is being forwarded to Certificate of Corrections Branch for issuance of a certificate naming only the actual inventor or inventors.

/DAVID P BRYANT/
Supervisory Patent Examiner, Art Unit 3726
Technology Center <u>3700</u>
Phone: <u>(571)272-4526</u>

Certificates of Correction Branch email: CustomerServiceCoC@uspto.gov CoC Central Phone Number: (703) 756-1814

There are a number of instances both during prosecution of this application, and subsequent to patent grant, of applicant going back and forth as to whether domestic priority is/was intended to be claimed in this application. The last request for a Certificate of Correction (entered 1/8/2019) was made at the request of applicant to correct applicant's mistake to delete any such claim. Any subsequent request for a Certificate of Correction must therefore also be considered applicant's mistake, and governed by MPEP 1481.

As to the first matter in the Certificate of Correction, the request to add the sentence "This patent is subject to a terminal disclaimer." is DENIED. There is nothing in the file to suggest that the TD was ever approved and entered, and in fact, a paper exists in the file explicitly noting that the TD was DISAPPROVED (6/22/04). In addition, there are two separate entries in the PALM system ( on 6/22/04 and 8/5/04) indicating that the TD was not approved.

As to the second matter in the Certificate of Correction, the request to incorporate the priority data on both the face of the patent and in the specification is also DENIED. Applicant is directed to MPEP 1481.03 II, Correction as to 35 USC 120 and 35 USC 119(e) Benefits. As outlined therein, under certain conditions, a certificate of correction can be used to correct a benefit claim under 35 USC 120 to correct "(A) the faliure to make reference to a prior copending nonprovisional application." These "certain conditions" are outlined in section A. Conditions for Certificate of Correction. Listed therein, as 1(C), one of the requirements is "a grantable petition to accept an unintentionally delayed claim under 37 CFR 1.78(e) muct be filed, including the petition fee as set forth in 37 CFR 1.17(m)." No petition has been filed along with applicant's Certificate of Correction.

Please Direct All Correspondence to Customer Number 20995

## REQUEST FOR CERTIFICATE OF CORRECTION

| | | |
|---|---|---|
| First Inventor | : | Trent West |
| App. No. | : | 10/426054 |
| Filed | : | April 28, 2003 |
| Patent No. | : | 6,928,734 |
| Issue Date | : | August 16, 2005 |
| Title | : | METHOD OF MAKING ANNULAR, TUNGSTEN-CARBIDE JEWELRY ARTICLES |
| Conf. No. | : | 2695 |

Commissioner for Patents
Office of Data Management
**Attention:** Certificates of Correction Branch
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Commissioner:

Pursuant to 37 C.F.R. § 1.322(a)(1)(iii), enclosed for filing is a Certificate of Correction in connection with the above-identified patent. The Certificate of Correction cites to errors that were introduced by way of two Certificates of Correction that issued in connection with the above-identified patent on September 25, 2018 and January 8, 2019. The undersigned respectfully submits that the September 25, 2018 and January 8, 2019 Certificates of Correction were both issued in error. The facts underlying this submission and the basis for the relief requested herein are set forth below. The effect of the Applicant's two Certificates of Correction was to substantively extend the term of the above-identified patent by 4 years and 340 days. Such a substantive patent term extension is not of a clerical or of a typographical error or of a minor character permitted by M.P.E.P. § 1490(VIII)(b) to be routinely corrected through a certificate of correction.

### September 25, 2018 Certificate of Correction

On August 2, 2018, the Applicant in the above-identified patent requested the Office enter a certificate of correction to correct what the Applicant stated to be an error in the patent. Specifically, the Applicant stated that "the face of the patent should not state that it is subject to a terminal disclaimer." The Applicant further stated that the "file wrapper . . . reflects that the terminal disclaimer filed on May 25, 2004 . . . was **disapproved** on or about June 22, 2004" (emphasis in original), and that "[n]othing in the file wrappers appears to indicate that this decision was later revisited and the terminal disclaimer approved." In response, the Office issued the September 25, 2018 Certificate of Correction, which deleted the terminal disclaimer

App. No.: 10/426054

April 23, 2019
Page 2 of 4

language on the face of the above-identified patent. This September 25, 2018 Certificate of Correction was issued in error and without the benefit of the entire file wrapper.

First, Office consideration of the August 2, 2018 Request for Certificate of Correction to delete the terminal disclaimer language on the face of the patent is counter to M.P.E.P. § 1490 (VIII)(b) which states "after issuance of a patent, a request to replace or remove a previously recorded terminal disclaimer will not be addressed on the merits."

Second, the sole basis for the Applicant's August 2, 2018 Request for Certificate of Correction was a document labeled "Terminal Disclaimer review decision" with a mail room date of June 22, 2004. Notably, this document does not appear to be part of the file wrapper. The document is prominently identified as an "INTERNAL DOCUMENT" with the accompanying language "DO NOT MAIL." Moreover, this June 22, 2004 internal document is unsigned, does not identify any PTO employee by name or position as having made any determination that the May 25, 2004 Terminal Disclaimer was disapproved and lacks reasons why the terminal disclaimer was disapproved.

Third, the Applicant incorrectly stated in its August 2, 2018 Request for Certificate of Correction that "[n]othing in the file wrappers appears to indicate that this decision was later revisited and the terminal disclaimer approved." Contrary to the Applicant's statement, the Primary Examiner, Mr. Marc Jimenez, in his August 5, 2004 Interview Summary, stated that Applicant's representative "clarified that the terminal disclaimer filed on 5/24/04 was voluntarily submitted to avoid a potential double patenting rejection with U.S. Patent Numbers 6,062,045 and 6,553,667." The Applicant responded to the Examiner's Interview Summary on August 9, 2004, "adopt[ing] the Examiner's comments, which appear in the Interview Summary, regarding the voluntary nature of the Terminal Disclaimer." Accordingly, there are at least two subsequent items in the file wrapper indicating that the Primary Examiner revisited, accepted and recorded the Applicant's May 25, 2004 Terminal Disclaimer over U.S. Patent Numbers 6,062,045 and 6,553,667.

In sum, prior to the September 25, 2018 Certificate of Correction, the above-identified patent was correctly shown to be subject to a terminal disclaimer. Based on the entirety of the file wrapper, it was error for the Office to issue the September 25, 2018 Certificate of Correction to delete the terminal disclaimer language on the face of the patent.

## January 8, 2019 Certificate of Correction

On October 25, 2018, the Applicant in the above-identified patent requested the Office enter a certificate of correction to remove a priority claim under 37 C.F.R. § 1.78. The Applicant argued that the priority claim was erroneously added by the Certificate of Correction issued on February 21, 2006. The content added by way of the February 21, 2006 Certificate of Correction includes certain "Related U.S. Application Data" and a "Cross Reference to Related Applications" section, which effectively incorporated by reference the content of those related U.S. applications. The Applicant argued that the February 21, 2006 Certificate of Correction was requested in error. The Office responded to the October 25, 2018 Request for Certificate of Correction by issuing the January 8, 2019 Certificate of Correction. This January 8, 2019

App. No.: 10/426054

April 23, 2019
Page 3 of 4

Certificate of Correction should not have issued because it was issued based on a request that omitted several pertinent facts contained in the file wrapper.

First, while the October 25, 2018 Request for Certificate of Correction identified the September 9, 2003 Preliminary Amendment – in which the Applicant sought to delete the priority claim in the specification – the Request failed to indicate that in a request for corrected filing receipt filed on the same day as the September 9, 2003 Preliminary Amendment, the Applicant did not seek to correct the application's domestic priority data. Indeed, the corrected filing receipt contains the priority claim.

Second, and significantly, the October 25, 2018 Request for Certificate of Correction failed to mention that, on February 18, 2004, the Applicant filed a Supplemental Declaration. The purpose and effect of the Supplemental Declaration was to ensure the Applicant's claim of domestic priority. The transmittal letter submitted with the Supplemental Declaration clarified at least as much:

> Submitted herewith is a Supplemental Declaration for the above-identified application. This Supplemental Declaration has been updated to include applicant's claim of domestic priority.

Third, the Applicant incorrectly stated that the February 21, 2006 Certificate of Correction was requested in error. A review of the file wrapper reveals no such error. In fact, the Applicant stated in its December 13, 2005 Request for Certificate of Correction that "[s]upport for these changes appears on the executed Supplemental Declaration filed February 18, 2004." Thus, despite the Applicant's subsequent contention that it was requested in error, the file wrapper reveals that the February 21, 2006 Certificate of Correction was deliberately requested to reflect the Applicant's updated claim of domestic priority made via the February 18, 2004 Supplemental Declaration.

Finally, the Bibliographic Data Sheet, dated August 19, 2004 – the same day the Notice of Allowance issued – confirms that the above-identified application properly claimed priority to and was examined and allowed based on the priority claim made in the February 18, 2004 Supplemental Declaration. Indeed, as shown below, the Primary Examiner, Mr. Marc Jimenez, signed off on the continuity data shown in the August 19, 2004 Bibliographic Data Sheet.

App. No.: 10/426054

April 23, 2019
Page 4 of 4

**\*BIBDATASHEET\***
Bib Data Sheet

CONFIRMATION NO. 2695

| SERIAL NUMBER<br>10/426,054 | FILING DATE<br>04/28/2003<br><br>RULE | CLASS<br>029 | GROUP ART UNIT<br>3726 | ATTORNEY<br>DOCKET NO.<br>81876-4096 |
|---|---|---|---|---|

APPLICANTS

Trent West, Watsonville, CA;

\*\* CONTINUING DATA \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This application is a CIP of 09/571,583 05/15/2000 PAT 6,553,667
which is a CIP of 09/149,796 09/08/1998 PAT 6,062,045
which claims benefit of 60/058,136 09/08/1997          *O.K. mg*

In sum, prior to the January 8, 2019 Certificate of Correction, the above-identified patent was correctly shown to claim priority to certain earlier-filed domestic applications. Based on the entirety of the file wrapper, it was error for the Office to issue the January 8, 2019 Certificate of Correction to delete the patent's domestic priority claim.

**Conclusion**

In view of the foregoing facts based on the entirety of the file wrapper, the undersigned respectfully requests the Office issue a Certificate of Correction to correct the above-described errors. The effect of the errors introduced by way of the September 25, 2018 and January 8, 2019 Certificates of Correction was to substantively and improperly extend the term of the above-identified patent by 4 years and 340 days. The undersigned respectfully requests the Office correct the errors, pursuant to 37 C.F.R. § 1.322(a)(1)(iii), by vacating the September 25, 2018 and January 8, 2019 Certificates of Correction, as set forth in the enclosed Certificate of Correction.

The Office is respectfully requested to direct any comments or questions regarding this submission to the undersigned at the telephone number listed below.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: *April 23, 2019*          By: *Julie E Burke*

Julie E. Burke, Ph.D.
Registration No. 73,831
Registered Practitioner
Customer No. 20995
(202) 640-6400

Exhibit A, 022

# UNITED STATES PATENT AND TRADEMARK OFFICE
## CERTIFICATE OF CORRECTION

**PATENT NO.** : 6,928,734                                    Page 1 of 1

**APPLICATION NO.** : 10/426054

**ISSUE DATE** : August 16, 2005

**INVENTOR(S)** : Trent West

It is certified that an error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

This certificate supersedes the Certificates of Correction issued September 25, 2018 and January 8, 2019. The Certificates of Correction issued September 25, 2018 and January 8, 2019 are vacated. These Certificates of Correction were published in error and should not have been issued for this patent. Accordingly, the Certificate of Correction issued February 21, 2006 is reinstated, and:

On the Title Page, add the sentence "This patent is subject to a terminal disclaimer."

On the Title page, insert:

### -- Related U.S. Application Data

[63] Continuation-in-part of application No. 09/571,583, filed on May 15, 2000, now Pat. No. 6,553,667, which is a continuation-in-part of application No. 09/149,796, filed on Sep. 8, 1998, now Pat. No. 6,062,045.

[60] Provisional application No. 60/058,136, filed on Sep. 8, 1997. --.

In column 1 at line 4, insert:

### -- CROSS REFERENCE TO RELATED APPLICATIONS

This application is a continuation-in-part of Application No. 09/571,583, filed on May 15, 2000, now Patent No. 6,553,667, which is a continuation-in-part of Application No. 09/149,796, filed on September 8, 1998, now Patent No. 6,062,045, which claims the benefit of provisional Application No. 60/058,136, filed on September 8, 1997, the entire content of each of which is incorporated herein by reference thereto. --.

MAILING ADDRESS OF SENDER:

Julie E. Burke, Ph.D.
KNOBBE, MARTENS, OLSON & BEAR, LLP
1717 Pennsylvania Avenue N.W., Suite 900
Washington, D.C. 20006



KNOBBE, MARTENS, OLSON & BEAR, LLP
JULIE BURKE
1717 PENNSYLVANIA AVE., N.W.
SUITE 900
WASHINGTON, DC 20006

**UTILITY/DESIGN PATENT**

**DATE:** April 23, 2019

Rec'd in the USPTO on the date stamped herin:

**Inventor:** Trent West

**Title:** METHOD OF MAKING ANNULAR, TUNGSTEN-CARBIDE JEWELRY ARTICLES

**Filed:** April 28, 2003

**Issued:** August 16, 2005

**App No.:** 10/426054

**Patent No:** 6,928,731

APR 2 5 2019

\_\_\_\_\_ **Request for Certificate of Correction**

\_\_\_\_\_ **Certificate of Correction**

**\*Please Return Prepaid Postcard\***

Exhibit A, 025