**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DIAMOND SERVICES MANAGEMENT COMPANY, LLC and FREDERICK GOLDMAN, INC., | ) ) ) | Case No. 21-mc-00036 |
| Petitioners, | ) ) ) | Case in Other Court: *Diamond Services Management Company, LLC et al.* v. *C&C Jewelry Manufacturing, Inc. et al.,* |
| v. | ) ) | |
| KNOBBE, MARTENS, OLSON & BEAR, LLP, | ) ) ) | Case No. 19-cv-07675 (N.D. Illinois) |
| and | ) ) | |
| KENEALY VAIDYA, LLP | ) ) | |
| Respondents. | ) | |

**KNOBBE, MARTENS, OLSON & BEAR, LLP'S RESPONSE TO MOTION TO COMPEL**

Third Party Knobbe, Martens, Olson & Bear, LLP ("Knobbe") hereby responds to the Motion to Compel of Petitioners Diamond Services Management Company, LLC ("Diamond") and Frederick Goldman, Inc. ("Goldman") (collectively "Petitioners") as follows:

## FACTUAL BACKGROUND

1.      On January 21, 2021, Petitioners served third-party Knobbe with a subpoena in connection with *Diamond Services Management Company, LLC and Frederick Goldman, Inc. v. C&C Jewelry Manufacturing, Inc. and Robert G. Connolly*, Case No. 19-cv-07675 (N.D. Ill.) (the "Illinois Action").  The subpoena requested that Knobbe produce documents relating to a request for certificate of correction to U.S. Patent No. 6,928,734 that Knobbe filed on behalf of an anonymous client.

2.      On February 2, 2021, counsel for Knobbe conducted a meet and confer with counsel for Petitioners to discuss the subpoena.   Champion Decl. ¶ 2.  During the meet and confer, counsel for Petitioners explained that the goal of the subpoena was to identify Knobbe's client so that Petitioners could determine if that client had any relationship to the defendants in the Illinois Action.  *Id*.  Counsel for Knobbe explained that the identity of its client was confidential and requested a copy of the protective order in the Illinois Action.  *Id*.

3.      On February 10, 2021, counsel for Petitioners provided Knobbe with a copy of the protective order in the Illinois Action.  Champion Decl. Ex. 1.

4.      On February 12, 2021, counsel for Knobbe and counsel for Petitioners conducted a second meet and confer to discuss the subpoena and protective order in the Illinois Action.  Champion Decl. ¶ 4. Counsel for Knobbe expressed concern that the protective order did not address materials produced by third parties.  *Id*.  Rather, the order addressed only the documents and information produced by the named parties in the

Illinois Action.  *See* Ex. 1.  Counsel for Knobbe also explained that the disclosure of its client's identity to Petitioners could be embarrassing or detrimental to its client and that Knobbe would not produce that information given the current language in the protective order.  *Id.* ¶ 4. Counsel for Knobbe further explained that the materials requested in the subpoena did not have any relevance to the Illinois Action because Knobbe's client did not have any relationship with defendants C&C Jewelry Manufacturing or Robert G. Connolly.  *Id.*  Counsel for Petitioners thanked counsel for Knobbe for the representation but stated that Petitioners would not accept counsel's representation without proof.  *Id.*

5.      On February 16, 2021, Knobbe served its responses and objections to Petitioners' subpoena along with non-privileged responsive documents and a privilege log.  Mot. Ex. C.

6.      On March 24, 2021, counsel for Petitioners sent Knobbe a letter stating that Petitioners intended to file a motion to enforce the subpoena in the District of Columbia and to "let me know if you believe a further [meet and confer] could be productive." Champion Decl. Ex. 2.

7.      On March 26, 2021, counsel for Knobbe called counsel for Petitioners to meet and confer in view of the March 24th letter. Champion Decl. ¶ 6. Counsel for Knobbe also sent an email to counsel for Petitioners stating "*Just left you a voicemail. Please give me a call when you have a chance so we can discuss your letter.*"  Champion Decl. Ex. 3.  Approximately one hour later, and without acknowledging Knobbe's offer to meet and confer, counsel for Petitioners emailed Knobbe a copy of the present motion. Champion Decl. Ex. 4.

8.      On April 8, 2021, counsel for Petitioners called counsel for Knobbe to discuss the present motion.  Champion Decl. ¶ 8.  During the call, counsel for Petitioners stated that Petitioners would consider modifying the protective order in the Illinois

Action to cover third parties, but that Petitioners would reserve the right to challenge any confidentiality designations utilized by Knobbe. *Id*. Counsel for Knobbe thanked counsel for Petitioners for acknowledging the issue with the protective order but also reiterated that Knobbe's client did not have any relationship with C&C Jewelry or Robert Connolly. *Id*. Counsel for Petitioners responded that even if no formal relationship existed, Petitioners still needed to identify Knobbe's client because of the possibility that an informal, unofficial relationship might exist. *Id*. Specifically, counsel for Petitioners expressed concern that Knobbe's client might work in the same building as Mr. Connolly, have gotten lunch with him, or had some sort of other informal conversation about the certificate of correction. *Id*.

9.      On April 21, 2021, counsel for Knobbe emailed counsel for Petitioners to explain that Knobbe had conducted an additional inquiry into whether any informal or unofficial relationship existed between its client and the defendants in the Illinois Action. Champion Decl. Ex. 5. Counsel's email explained that after conducting this additional inquiry Knobbe was willing to make several additional representations regarding its client in the hopes of addressing Petitioners' concerns. *Id*. Specifically, Knobbe's counsel made the following additional representations:

- *Neither my client nor anyone affiliated with my client has ever had any relationship whatsoever with C&C Jewelry;*
- *Neither my client nor anyone affiliated with my client has ever had any relationship whatsoever with Mr. Connolly;*
- *My client does not share any physical office/building locations or office space with C&C Jewelry; and*
- *My client has never had any conversations with Mr. Connolly or any representative of C&C Jewelry.*

*Id.*

10.     Counsel for Petitioners did not respond to the April 21, 2021 email and has not provided any update regarding the modification of the protective order in the Illinois Action. Champion Decl. ¶ 10.

## LEGAL STANDARD

Fed. R. Civ. P. 26 provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Such an order may include "forbidding the disclosure or discovery," or "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  Fed R. Civ. P. 26(c)(1).

Fed. R. Civ. P. 45 provides that a court for the district where compliance of a subpoena is required must quash or modify that subpoena if it "requires disclosure of privileged or other protected matter."  Fed. R. Civ. P. 45(d)(3)(A)(iii).  The court where compliance is required may also quash or modify the subpoena if the subpoena requires "disclosing a trade secret or other confidential research, development or commercial information."  Fed. R. Civ. P. 45(d)(3)(B)(i).  Finally, the court may, instead of quashing or modifying the subpoena, order production under specified conditions provided that the serving party "shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship."  Fed. R. Civ. P. 45(d)(3)(C)(i).

## **ARGUMENT**

**A.**     **Petitioners' Motion to Compel Compliance with the Subpoena Should Be Denied**

The Federal Rules of Civil Procedure provide for protective orders to prevent the disclosure of confidential information.   Fed R. Civ. P. 26(c)(1).   Petitioners do not dispute that the documents and information requested by the subpoena are confidential. Mot. at 8, FN. 4.   Instead, Petitioners argue that any concerns over confidentiality can be addressed by the Protective Ordered entered in the Illinois Action.   *Id*.   But that order is specific to the parties in the Illinois Action and does not contain any language addressing materials produced by third parties.   *See* Champion Decl. Ex. 1.   Because Knobbe is not a party to the Illinois Action there is no guarantee that the materials it produces in response to the subpoena will remain confidential.   Thus, at a minimum, Knobbe is entitled to insist upon a court order that protects its confidential information even if Petitioners believe such an order is unnecessary.

The Federal Rules also permit a court to issue an order protecting a third party from annoyance, embarrassment, oppression, or undue burden or expense.   Fed R. Civ. P. 26(c)(1).   Such an order should be entered here because the disclosure of the identity of Knobbe's client is likely to cause harm and embarrassment to the client.   For example, if Petitioners learn the identity of Knobbe's client they may seek to retaliate against the client for requesting a certificate of correction to U.S. Patent No. 6,928,734.   Moreover, during the meet and confer process, counsel for Petitioners did not provide any assurances that it would accept Knobbe's designation of materials as "Confidential" or "Attorneys' Eyes Only" pursuant to the protective order in the Illinois Action.   Champion Decl. ¶ 8.   Rather, counsel for Petitioners stated that even if that order is modified to include third parties, Petitioners may still seek to challenge Knobbe's confidentiality

designations. *Id*. But such challenges should be unnecessary. Knobbe has already represented to Petitioners' counsel on multiple occasions that its client has no relationship whatsoever with any of the defendants in the Illinois Action.  Champion Decl. ¶¶ 4, 8, Ex. 5.  This includes informal relationships and a representation that Knobbe's client has never had any conversation with Mr. Connolly or anyone at C&C Jewelry.  *Id*.  Such representations should be more than sufficient to achieve Petitioners' stated purpose of the subpoena which is to "*verify whether C&C has beached the License Agreement or has improperly attempted to circumvent proceedings in the Illinois Action*."  Mot. at 8. Petitioners' continued efforts to enforce the subpoena despite these representations by Knobbe's counsel is puzzling.  To the extent Petitioners need to "verify" that C&C Jewelry and Mr. Connolly were not involved in the filing of a certificate of correction by Knobbe's client, that verification can be obtained through discovery from those parties. Petitioners should not be permitted to use a subpoena in the Illinois Action to extract the identity of an unrelated party that has no connection to the dispute.

In sum, Knobbe should not be forced to produce material that identifies its client without assurances that the information will be kept confidential and not revealed to Petitioners.  Indeed, Petitioners have not demonstrated a substantial need to "verify" the truth of Knobbe's counsel's representations.  However, if this Court is inclined to order Knobbe to disclose the identity of its client, it should condition the disclosure on agreement by Petitioners' counsel that they will not challenge the ATTORNEYS' EYES ONLY designation or otherwise disclose the identity of Knobbe's client to Petitioners. *See* Fed. R. Civ. P. 45(d)(3)(C)(i).

## CONCLUSION

For the foregoing reasons, Petitioners' Motion to Compel Compliance should be denied.

Respectfully submitted,

Dated: April 23, 2021

*/s/ William R. Zimmerman*
William R. Zimmerman (Reg. No. 988,401)
bill.zimmerman@knobbe.com
Wendy K. Peterson
General Counsel
wendy.peterson@knobbe.com
Jason A. Champion
jason.champion@knobbe.com

KNOBBE, MARTENS, OLSON & BEAR, LLP
1717 Pennsylvania Ave. N.W., Ste. 900
Washington, D.C. 20006
Phone: (202) 640-6404

KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main St., Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

*Attorneys for Respondent,*
KNOBBE, MARTENS, OLSON & BEAR, LLP