**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DIAMOND SERVICES MANAGEMENT COMPANY, LLC and FREDERICK GOLDMAN, INC., | ) ) ) ) | |
| Petitioners, | ) ) | Case No.:  21-mc-00036 |
| v. | ) ) ) | Case In Other Court:  Diamond Services Management Company, LLC et al. v. |
| KNOBBE MARTENS OLSON & BEAR, LLP | ) ) ) | C&C Jewelry Manufacturing, Inc. et al., |
| and | ) ) | Case No. 19-cv-07675 (N.D. Illinois) |
| KENEALY VAIDYA LLP | ) ) | |
| Respondents | ) ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF KENEALY VAIDYA LLP'S OPPOSITION TO PETITIONERS' MOTION TO COMPEL
COMPLIANCE WITH SUBPOENA FOR THE PRODUCTION OF DOCUMENTS AND
<u>CORRESPONDING MOTION TO QUASH PETITIONERS' SUBPOENA</u>**

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................ 1

II.   BACKGROUND ................................................................................................. 3

  A.   The Subpoenaed Party – Kenealy Vaidya ...................................................... 3

  B.   Petitioners Diamond Services Management Company And Frederick Goldman ............. 3

  C.   The Illinois Action ........................................................................................ 3

  D.   The Request For Reexamination Filed By Kenealy Vaidya ............................... 4

  E.   Petitioners' Motion For Expedited Discovery In The Illinois Action ................. 4

  F.   Petitioners' Subpoenas Subject To This Motion to Quash ................................ 4

III.   THE SUBPOENA SHOULD BE QUASHED BECAUSE PETITIONERS HAVE
FAILED TO RAISE A COMPELLING REASON TO OVERCOME THE PRESUMPTION OF
CONFIDENTIALITY GRANTED TO THOSE FILING ANONYMOUS REEXAMINATION
REQUESTS ........................................................................................................ 5

  A.   Congress Enacted Legislation Permitting Persons Filing Reexamination Requests To
Keep Their Identity Confidential ....................................................................... 5

  B.   The PTO Allows Persons Filing Reexamination Requests To Keep Their Identity
Confidential .................................................................................................... 6

  C.   The Public Policy Behind The Statutorily Guaranteed Confidentiality Is To Encourage
Third Parties to Assist The PTO by Bringing Relevant Prior Art To Its Attention ................... 7

  D.   Based On A Policy of Encouraging The Use Of The Reexamination Process, Courts Have
Interpreted The Patent Statute As Creating A "Presumption Of Confidentiality" That Can Only
Be Overcome By A "Compelling Reason," Which Does Not Exist Here ................................. 7

    1.   *Davco* ................................................................................................. 7

    2.   *In Re Certain Digital Televisions* ........................................................... 9

    3.   *Gerber* .............................................................................................. 10

  E.   The Other Cases Cited By Petitioners Do Not Support Their Position Regarding
Disclosure Of A Reexamination Requester's Identity And, In Fact, Support Respondent ...... 10

    1.   *Zenith* .............................................................................................. 10

    2.   *Antor Media* ..................................................................................... 12

  F.   Petitioners' Alleged "Compelling Reasons" Fail To Overcome The Presumption Of
Confidentiality ............................................................................................... 14

IV.   THE SUBPOENA SHOULD BE QUASHED BECAUSE PETITIONERS ARE
ATTEMPTING TO CIRCUMVENT THE ILLINOIS ACTION TO DISCOVER UNRELATED
AND IRRELEVANT INFORMATION ....................................................................... 15

A.   The Illinois Court Is The Proper Venue For Discovery That Petitioners Seek .................. 16

B.   Petitioners Were Already Denied Expedited Discovery In The Illinois Action And Are Now Seeking To Circumvent The Illinois Court By Subpoenaing A Third Party In A Different Jurisdiction ......................................................................................................................... 17

C.   Petitioner Is Not Only Seeking Specific Information Of C&C's Involvement, Which They Could Obtain Directly From C&C Through Discovery, But Also Who Is Generally Interested In The Validity Of The '734 Patent .......................................................................................... 18

V.   THE SUBPOENA SHOULD BE QUASHED AS SEEKING INFORMATION THAT IS NOT RELEVANT AND BECAUSE IT IMPOSES AN UNDUE BURDEN ON KENELAY VAIDYA PURSUANT TO FED. R. CIV. P. 45 .......................................................................... 19

A.   Petitioners Seek The Identity Of The *Ex Parte* Requester Regardless Of Whether It Is Relevant To the Illinois Action ................................................................................................. 19

B.   Petitioners Request For Documentation To Confirm C&C's Alleged Involvement With The *Ex Parte* Reexamination Request Imposes An Undue Burden On Kenealy Vaidya ......... 20

C.   Petitioners Request For Documentation To Determine Other Persons Allegedly Involved With The *Ex Parte* Reexamination Request Seeks Information That Is Not Relevant............. 21

VI.   THE SUBPOENA SHOULD BE QUASHED AS SEEKING INFORMATION PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE .................................................. 22

VII.   CONCLUSION ................................................................................................................. 24

## TABLE OF AUTHORITIES

### Cases

**Page**

*AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 995 (D.C. Cir. 2014) ..................................... 20

*Antor Media Corp. v. Trusonic, Inc.*, No. CIVA 5:06-CV-270 DF, 2009 WL 677313 (E.D. Tex. Mar. 9, 2009) ............................................................................................................... 12

*Applied Telematics, Inc. v. Sprint Commc'ns Co., L.P.*, No. CIV. A. 94-4603, 1996 WL 539595, at *5 (E.D. Pa. Sept. 18, 1996) ............................................................................. 22

*Cause of Action Inst. v. United States Dep't of Just.*, 330 F. Supp. 3d 336, 350 (D.D.C. 2018) .. 22

*Coleman v. D.C.*, 275 F.R.D. 33, 36 (D.D.C. 2011) .................................................................. 20

*Davco Mfg. Corp. v. Peninsular Diesel, Inc.*, 128 F.R.D. 91, 92 (N.D. Ohio 1989)............. passim

*Diamond Services Management Company LLC et al v. C&C Jewelry Manufacturing, Inc. et al.*, No. 1:19-cv-07675, (N.D. Ill.) ............................................................................... 2, 3, 20, 21

*Gerber Sci. Int'l, Inc. v. Roland DGA Corp.*, No. 3:06-CV-2024, (D. Conn. Apr. 18, 2012) ...... 10

*In re Certain Digital Televisions and Certain Products Containing Same and Methods of Using Same*, ITC Investigation No. 337-TA-617 ............................................................. 9, 15

*Lear, Inc. v. Adkins*, 395 U.S. 653, 670-71, 89 S. Ct. 1902, 23 L. Ed. 2d 610 (1969) ................ 17

*Zenith Elecs. Corp. v. Exzec, Inc.*, No. 93 C 5041, 1998 WL 9181 (N.D. Ill. Jan. 5, 1998) .. 10, 11

### Statutes

35 U.S.C. §§ 301-302 ................................................................................................... passim

### Other Authorities

77 Fed. Reg. No. 151, p.46622 (Aug. 6, 2012)......................................................................... 6

77 Fed. Reg. No. 3, p.445 (proposed Jan. 5, 2012).................................................................... 6

MPEP § 2203 ............................................................................................................................. 6

MPEP § 2212 ............................................................................................................................. 6

### Rules

Fed. R. Civ. P. 26 ................................................................................................................ 20, 22

Fed. R. Civ. P. 45 ................................................................................................................ 20, 22

### Treatises

*Chisum on Patents*, § 11.07[4] ................................................................................................... 7

Kenealy Vaidya, LLP hereby submits this memorandum in opposition to a March 26, 2021, motion to compel compliance with a subpoena filed by Diamond Services Management Company, LLC ("Diamond") and Frederick Goldman, Inc. ("Goldman") (collectively "Petitioners"), which seek the identity of the client or clients on behalf of whom Kenealy Vaidya filed a request for reexamination of U.S. Patent No. 6,928,734 ("the '734 patent"). Kenealy Vaidya also respectfully moves this Court for an Order quashing Petitioners' subpoena served on Kenealy Vaidya on January 21, 2021.

## I.   INTRODUCTION

In 1980, Congress enacted legislation permitting any person to challenge the validity of an issued patent by filing a request for *ex parte* reexamination with the U.S. Patent and Trademark Office ("PTO").  In doing so, Congress guaranteed the right of the filing party to keep its identity confidential.  35 U.S.C. §§ 301-02.  Protecting the confidentiality of the filing party promotes three important public policy goals—encouraging persons to request reexaminations free from retaliation by the patent owner; ensuring certainty in the validity of patent rights; and providing a faster, less expensive remedy than litigation when the validity of a patent is at issue.

Despite this Congressional guarantee of confidentiality, Petitioners ask for extraordinary relief from this Court without any authority to support their position.  Particularly, Petitioners not only seek the confidential identity of an anonymous filer, but also ask this Court to order a third-party law firm, Kenealy Vaidya, to disclose privileged information that would result in the confidentiality breach.  To the best of Respondent's knowledge, no court has ever compelled a third-party law firm in a separate jurisdiction from the underlying litigation to disclose the confidential identity of the party filing a request for *ex parte* reexamination.

Furthermore, the Illinois court that has jurisdiction over the underlying litigation has already denied Petitioners' request for expedited discovery directed to the question of whether the defendant in that case, C&C, had any involvement in the reexamination request filed by Kenealy Vaidya. *Diamond Services Management Company LLC et al v. C&C Jewelry Manufacturing, Inc. et al.*, No. 1:19-cv-07675, (N.D. Ill.) (the "Illinois Action"). Petitioners have put forth no material reason as to why they cannot obtain the information they seek—namely, whether C&C was involved in the reexamination request—through discovery in the Illinois Action and must burden Kenealy Vaidya and this Court. Thus, Petitioners' present motion to compel is simply an inappropriate attempt to side-step the ruling by the Illinois court. And beyond attempting to side-step this prior ruling, Petitioners even go so far as to suggest that Kenealy Vaidya should be compelled to respond so that Petitioners can, in general, "determine the person or persons ultimately responsible for initiating the proceedings before the USPTO." Motion at 7. But this is the exact information that is protected by 35 U.S.C. §§ 301-302, which should be preserved by this Court.

Accordingly, this Court should quash Petitioners' subpoena because Petitioners (i) have failed to raise a "compelling reason" to overcome the "presumption of confidentiality" granted to those filing reexamination requests; (ii) are attempting to circumvent the Illinois Action to discover unrelated and irrelevant information; (iii) seek information that is not relevant and imposes an undue burden on Kenealy Vaidya pursuant to Fed. R. Civ. P. 45; and (iv) seek information protected by the attorney-client privilege and work product immunity doctrine.

In support of this Motion, Kenealy Vaidya states as follows:

## II.     BACKGROUND

### A.     The Subpoenaed Party – Kenealy Vaidya

Kenealy Vaidya, LLP is a Washington, D.C. law firm retained to file a request for

reexamination with the PTO of the '734 patent.

### B.     Petitioners Diamond Services Management Company And Frederick Goldman

Petitioners purport to have a worldwide exclusive license to sell tungsten carbide jewelry

rings manufactured under certain patents, including the '734 patent.  Diamond is allegedly the

patent-licensing arm of Petitioner Goldman.  The '734 patent has been asserted (or raised in a

declaratory judgment action for non-infringement) in eight litigations which have all been

terminated.  The '734 patent is also part of a currently pending, breach of contract suit in the

Illinois Action.

### C.     The Illinois Action

In 2011, Petitioners and C&C Jewelry Manufacturing, Inc. ("C&C") entered into a

settlement agreement stemming from litigation in the Northern District of California (Case No.

09-cv-01303) regarding the validity of certain patents allegedly owned by Petitioner Diamond,

including the '734 patent.  As part of the settlement agreement, C&C was required to enter into a

license agreement with Diamond.  According to the allegations in the Illinois Action, both the

settlement agreement and the license agreement provide that C&C would not challenge or cause

to be challenged the validity, enforceability, or scope of the '734 patent.  On November 20,

2019, Petitioners sued C&C in the Northern District of Illinois for breach of the license

agreement, among other claims.  The Illinois Action alleges C&C filed, or caused to be filed, an

anonymous Request for Certificate of Correction for the '734 patent in breach of the license

agreement.  The parties to the Illinois Action are currently in discovery.

### D.        The Request For Reexamination Filed By Kenealy Vaidya

On December 31, 2020, Keneally Vaidya filed an anonymous request for *ex parte*

reexamination of the '734 patent.  On January 21, 2021, the PTO granted the request.  On April

16, 2021, the PTO examiner issued an office action rejecting the '734 patent's claims 1-36.

### E.        Petitioners' Motion For Expedited Discovery In The Illinois Action

On January 22, 2021, Petitioners filed a motion for expedited discovery in the Illinois

Action to determine whether C&C initiated the *ex parte* request for reexamination of the '734

patent.  On February 1, 2021, C&C filed a response stating (1) Petitioners had not articulated any

basis to expedite discovery, (2) other entities other than C&C might be motivated to invalidate

the '734 patent, and (3) the requested discovery exceeds the limitations on discovery provided by

the Federal Rules.  On February 12, 2021, the Illinois court denied the motion for expedited

discovery and referred the case to the Magistrate Judge for supervision of discovery.[1]

### F.        Petitioners' Subpoenas Subject To This Motion to Quash

On January 21, 2021 Petitioners served Kenealy Vaidya with a subpoena.  The subpoena

calls for (i) documents sufficient to identify the client or clients that retained Kenealy Vaidya to

file the *ex parte* reexamination request; (ii) billing invoices related to the *ex parte* reexamination

request; (iii) documents and communications relating to the '734 patent, Illinois Action, or

license agreement that is the subject of the Illinois Action; and (iv) documents and

communications with C&C or their lawyers.  On February 11, 2021, Kenealy Vaidya served

responses and objections to Petitioners' subpoena informing Petitioners that they do not have

possession of any documents in connection with the Illinois Action, the license agreement, or

C&C and their attorneys, and objecting to producing documents related to the identity of

Kenealy Vaidya's client or clients and billing invoices.  *See* Resp. and Objections to Subpoena at

---

[1] A copy of this document is attached hereto as Exhibit A to this Motion.

4-8.[2]  On March 26, 2021 Petitioners moved to compel compliance with the subpoena with

respect to the above-noted topics (i) and (ii).[3]

## III.   THE SUBPOENA SHOULD BE QUASHED BECAUSE PETITIONERS HAVE FAILED TO RAISE A COMPELLING REASON TO OVERCOME THE PRESUMPTION OF CONFIDENTIALITY GRANTED TO THOSE FILING ANONYMOUS REEXAMINATION REQUESTS

### A.   Congress Enacted Legislation Permitting Persons Filing Reexamination Requests To Keep Their Identity Confidential

Congress guarantees that persons filing requests for reexamination can keep their identity

confidential.  35 U.S.C. § 301 of the patent statute, entitled "Citation of Prior Art and Written

Statements" provides the relevant provision stating:

> (a) ***Any person at any time may cite to the Office in writing [] prior art consisting of patents or printed publications which that person believes to have a bearing on the patentability of any claim of a particular patent*** . . .
> (b) If the person citing prior art or written statements pursuant to subsection (a) explains in writing the pertinence and manner of applying the prior art or written statements to at least 1 claim of the patent, the citation of the prior art or written statements and the explanation thereof shall become a part of the official file of the patent . . .
> (e) ***Upon the written request of the person citing prior art or written statements pursuant to subsection (a), that person's identity shall be excluded from the patent file and kept confidential.***

35 U.S.C. § 301 (emphasis added).

The next section, Section 302, titled "Request for Reexamination" specifically provides

that requests for reexamination may be filed pursuant to the provisions of Section 301.  Section

302 provides in part:

> Any person at any time may file a request for reexamination by the Office of any claim of a patent on the basis of any prior art cited under the provisions of section 301.

---

[2] A copy of this document is attached hereto as Exhibit B to this Motion.
[3] Petitioners also moved to compel compliance with a separate subpoena served on law firm Knobbe Martens Olson & Bear LLP seeking the anonymous identity of the filer of the Request for Certificate of Correction.

35. U.S.C. § 302.  Sections 301 and 302, together, have been interpreted to imply that the

confidentiality guarantees of Section 301 include the identity of any person filing a request for

reexamination.  *See Davco Mfg. Corp. v. Peninsular Diesel, Inc.*, 128 F.R.D. 91, 92 (N.D. Ohio

1989).

### B.      The PTO Allows Persons Filing Reexamination Requests To Keep Their Identity Confidential

The PTO also recognizes the confidentiality afforded to persons filing requests for

reexamination.  The Manual of Patent Examining Procedure ("MPEP") Rule 2203 provides:

> ***If a person citing prior art or written statements desires his or her identity to be kept confidential, such a person need not identify himself or herself.***  Persons other than reexamination ***requesters who desire to remain confidential are therefore advised to not identify themselves anywhere in their papers*** . . . A real party in interest that wishes to remain anonymous when filing a request for reexamination under 37 CFR 1.510 can do so by utilizing the services of a registered practitioner.

MPEP § 2203 (emphasis added).  The PTO has continued to maintain the importance of

confidentiality in requests for *ex parte* reexamination even as new post grant proceedings have

been implemented by the America Invents Act.  Specifically, the PTO elected to drop a

controversial proposed rule that would have required all requests for *ex parte* reexamination to

identity the real party in interest.  *See* PTO Proposed Rule § 1.510(b)(6) and (b)(7), 77 Fed. Reg.

No. 3, p.445 (proposed Jan. 5, 2012).  Instead, the PTO—in response to public comments

highlighting that "procedures for safeguarding anonymity are critical"—did not implement the

proposed rule and maintained the confidentiality that has been afforded to reexamination

requesters by Congress since 1980.  *See* PTO Final Rule 77 Fed. Reg. No. 151, p.46622 (Aug. 6,

2012).

This commitment to confidentiality is reflected in MPEP § 2212 titled "Persons Who

May File a Request for *Ex Parte* Reexamination under 35 U. S. C. 302" which provides "[s]ome

of the persons likely to use reexamination under 35 U.S.C. 302 are . . . attorneys *without identification of their real client in interest* . . . ."  MPEP § 2212 (emphasis added).

    **C.**    **The Public Policy Behind The Statutorily Guaranteed Confidentiality Is To Encourage Third Parties to Assist The PTO by Bringing Relevant Prior Art To Its Attention**

Legislative history of the 1980 Patent Act notes that the policy behind maintaining the identity of the person filing the reexamination request confidential was the belief that competitors might be hesitant to otherwise bring relevant prior art to the attention of the Patent Office: "Without the confidentiality provision, competitors of a patent owner might be reluctant to cite prior art to the PTO."  H.R. Rep. No. 96-1307 at 6.  Suppliers, customers, licensees, and employees may also desire such confidentiality. *Chisum on Patents*, § 11.07[4][a][ii].

    **D.**    **Based On A Policy of Encouraging The Use Of The Reexamination Process, Courts Have Interpreted The Patent Statute As Creating A "Presumption Of Confidentiality" That Can Only Be Overcome By A "Compelling Reason," Which Does Not Exist Here**

Courts have interpreted Sections 301 and 302 of the Patent Statute as creating a "presumption of confidentiality" as to the identity of the reexamination filer that can only be overcome by a compelling reason.  Courts have held that a compelling reason is not mere curiosity or suspicion on the part of a patent holder that a defendant it has sued filed the reexamination request.  And that's all that Petitioners cling to in this case, necessitating a denial of Petitioners' motion to compel and the Court quashing Petitioners' subpoena.

    **1.**    *Davco*

In *Davco Mfg. Corp. v. Peninsular Diesel, Inc.*, 128 F.R.D. 91 (N.D. Ohio 1989), the court held that Sections 301 and 302 of the Patent Statute create a "presumption of confidentiality" in the reexamination process to (1) encourage people to use the reexamination mechanism; (2) provide certainty in the validity of patent rights; and (3) provide a faster, less expensive remedy than litigation when the validity of a patent is at issue.  *Id.* at 92.  The court

stated that this presumption of confidentiality can only be overcome by compelling reasons. *Id.*
at 93.

Patent owner Davco Manufacturing Corporation ("Davco") sued defendant Parker
Hannifin Corporation ("Parker") for infringement and moved to compel Parker to respond to an
interrogatory requesting information regarding Parker's alleged involvement in a request for
reexamination filed by an attorney on behalf of an anonymous client. Davco contended that
Parker's alleged involvement would narrow the issues for trial and provide relevant information
regarding Parker's state of mind. *Id.* at 92. Parker opposed the motion on the basis of
anonymity afforded by Sections 301 and 302 of the Patent Statute and that disclosure of the
information requested by the interrogatory would undermine public policy. *Id.*

The Ohio court agreed with Parker and upheld the right of confidentiality afforded in the
reexamination process. First, the court held the information sought by Davco was not relevant
because only the outcome, not the identity of the requester, of the reexamination could narrow
the issues for the matter. *Id.* Second, the court held that connection between Parker's "state of
mind at the time of the reexamination request and the possible involvement" of Parker in the
request was too tenuous to compel discovery. *Id.* Finally, the court held even if the information
sought by the interrogatory was marginally relevant, protecting the confidentiality of the
requester outweighed Davco's "interest in discovering the identity of the requester." *Id.*

The court found that Davco sought "precisely the information protected under 35 U.S.C.
§§ 301-02" and because it had not presented "compelling reasons" to overcome the
"presumption of confidentiality," denied Davco's motion to compel. As explained in sub-section
(e) below, Petitioners present no compelling reason to overcome the presumption of
confidentiality afforded to anonymous reexamination requests. Rather, Petitioners present

8

nothing more than a run-of-the-mill desire to "determine the person or persons ultimately responsible for initiating the proceedings before the USPTO" (Motion at 7), which is wholly inadequate to pierce the anonymity afforded by 35 U.S.C. §§ 301 and 302.

### 2.   *In Re Certain Digital Televisions*

An April 2008 order by the International Trade Commission provides an instructive opinion on a motion to quash subpoenas served specifically on third parties, similar to the present motion before this Court.  In *In re Certain Digital Televisions and Certain Products Containing Same and Methods of Using Same*, ITC Investigation No. 337-TA-617, the ITC applied the *Davco* court's reasoning to quash a subpoena requiring an attorney to identify the party on behalf of whom she filed multiple requests for reexamination.[4]

Attorney Jennifer Bailey ("Bailey") of the law firm Hovey Williams LLP ("Hovey") filed *ex parte* requests for reexamination with the PTO on behalf of one or more unidentified client(s), that wished to remain anonymous, for two patents that were the subject of litigation involving petitioner Funai Electric Co., Ltd. ("Funai").  Petitioner Funai sought subpoenas requiring Bailey and Hovey to identify their client(s).

The ALJ granted Bailey and Hovey's motion to quash the subpoenas based on the persuasive reasoning of the *Davco* holding.  *Id.* at 4.  Specifically, the ALJ stated Sections 301 and 302 of the Patent Statute create a "presumption of confidentiality" and that defendant Funai's desire to learn the identity of the real parties in interest requesting the PTO reexaminations was not an adequate reason to override the presumption.  *Id.* at 4-5.  The ALJ went even further and stated that the confidentiality protections of Sections 301 and 302 are more than an "illusory right" and the fact that a defendant may "wonder, or even suspect, that a

---

[4] A copy of this Order is attached hereto as Exhibit C in this Motion.

respondent in [the] investigation or in the parallel district court litigation is a requester is not sufficient to overcome the confidentiality provision of Sections 301 and 302." *Id.* at 5, fn. 4. Likewise, here, Petitioners "wonder" or "suspicion" that defendant C&C in the Illinois action may somehow be involved with the '734 patent reexamination request is not sufficient to pierce the anonymity afforded by congress.

### 3.  *Gerber*

In *Gerber Sci. Int'l, Inc. v. Roland DGA Corp.*, No. 3:06-CV-2024, (D. Conn. Apr. 18, 2012), another court upheld the presumption of confidentiality of §§ 301 and 302 of the Patent Statute even with multiple reexamination proceedings on the patent during the underlying litigation.  The Connecticut court denied, in part, a motion to compel answers to interrogatories regarding the identity of a client(s) that anonymously filed multiple *ex parte* reexamination requests.  Specifically, the court held "to the extent [the identities] are the subject of confidentiality provisions of the United States Patent Office rules," they could remain anonymous.  *See* Order on Motion to Compel, *Gerber Sci. Int'l, Inc. v. Roland DGA Corp.*, No. 3:06-CV-2024, Doc. 304, at 1 (D. Conn. Apr. 18, 2012).[5]

### E.  **The Other Cases Cited By Petitioners Do Not Support Their Position Regarding Disclosure Of A Reexamination Requester's Identity And, In Fact, Support Respondent**

#### 1.  *Zenith*

Petitioners rely on *Zenith Elecs. Corp. v. Exzec, Inc.*, No. 93 C 5041, 1998 WL 9181 (N.D. Ill. Jan. 5, 1998) as allegedly supporting their position that a first filing of a reexamination request against a patent subject to litigation is a sufficient basis to overcome the presumption of confidentiality afforded by Sections 301 and 302 of the Patent Statute.  *See* Motion at 4. However, petitioners misrepresent *Zenith* and the presumption of confidentiality.

---

[5] A copy of this Order is attached hereto as Exhibit D in this Motion.

In that case, Zenith Electronics Corporation ("Zenith") filed a motion compelling defendant, a former employee, Terence J. Knowles ("Knowles") to produce documents and answer interrogatories relating to information and documents related to Knowles' patents and patent applications.  The court found that the requested documents and information related to Knowles' patent applications were relevant to the level of skill employed at the time the purported invention was made and Zenith's claim under the doctrine of equivalents.

*Zenith*, however, did not pertain to a request for an *ex parte* reexamination.  Instead, it related to documents related to patents and patent applications.  Thus, the court did not grant a patent owner's request to obtain the identity of a reexamination requester.  Additionally, the case involved no third party to the litigation that had filed a request for *ex parte* reexamination.

Petitioners cite this case as allegedly supporting a position that "[a] determination of direct relevance weighs in favor of disclosure."  The context petitioners fail to point out is that the cited quotation is simply one of three factors the *Zenith* court weighs in a balancing test to determine whether to permit discovery of a *patent application*.  The *Zenith* court made no determination about the "presumption of confidentiality" afforded to an *ex parte* request for reexamination.  Rather, the *Zenith* court ruled on the confidentiality of materials relating to a patent application.  Moreover, petitioners also fail to acknowledge that of the three factors considered in the balancing test by the *Zenith* court, if "the plaintiff can obtain sufficient information regarding the allegedly infringing product from other sources, discovery of the defendant's patent application generally will be denied."  *Id.* at *3 (citing *Ideal Toy Corp.*, 478 F.Supp. at 1192; *Fischer Imaging Corp.*, 148 F.R.D. at 274).  And that is exactly the case here as Petitioners are actively engaged in a litigation against C&C and can make arguments before the

Illinois court as to whether discovery into C&C's involvement, or lack thereof, is relevant to the underlying litigation and discoverable notwithstanding 35 U.S.C. §§ 301 and 302.

> ### 2. *Antor Media*

Petitioners also rely on *Antor Media Corp. v. Trusonic, Inc.*, No. CIVA 5:06-CV-270 DF, 2009 WL 677313 (E.D. Tex. Mar. 9, 2009) as a case allegedly allowing discovery of a defendant's involvement with an *ex parte* reexamination.  However, Petitioners again fail to provide the necessary context of the case and, in fact, outright ignore the fact that in *Antor Media* the patent owner's attempts to ascertain the identity of an *ex parte* reexamination requester by subpoenaing the filing law firm—like Kenealy Vaidya—was quashed.

Antor Media Corporation ("Antor") brought an action for patent infringement against numerous defendants, including TruSonic, Inc. ("TruSonic") in the Eastern District of Texas. Evan Law Group LLC of Chicago filed a request for *ex parte* reexamination of one of the patents involved in Antor's Texas litigation.  Antor sought an interrogatory asking defendant TruSonic—not the Evan Law Group—to describe any involvement with, participation in, and/or knowledge of the preparation and/or filing of the request for *ex parte* examination.  The Texas court ordered defendant TruSonic to respond to the interrogatory because this particular reexamination was the fifth *ex parte* request and the court concluded that the public policy objectives were outweighed by a perpetual reexamination process.  *Id.* at *2.

Petitioners failed to explain, however, that prior to the ruling in the Eastern District of Texas, Antor—like Petitioners in the present case—attempted to circumvent the jurisdiction of the underlying litigation by issuing a subpoena on the Evan Law Group in the United States District Court in the Northern District of Illinois.  And the Illinois court granted Evan Law

12

Group's motion to quash the subpoena issued by Antor.  *See* Tr. of Proceedings, *Antor Media Corp. v. Tru Sonic Inc.*, at 13, No. 09-C-736 (N.D. Ill., ED) (Feb. 12, 2009).[6]

Specifically, the Illinois court recognized that because defendant TruSonic was before the court in Texas engaged in litigation, the Texas judge could simply have TruSonic disclose the information, if it were relevant.  *Id.*  The court stated "wherever there's an alternative to getting information from lawyers, that is, when the information can be gotten from the client, I think it ought to be gotten from the client.  Permitting discovery of lawyers is nothing but trouble."  *Id.* Additionally, the court further stated that trying to get lawyers to give information in a separate district when the client would not be required to give such information in the primary district was not proper nor appropriate.  *Id.* at 13-14.

Thus, although Petitioners cite *Antor Media* as allegedly supporting their position, that case dispositively decides the issue in Kenealy Vaidya's favor: not only is permitting discovery from the Kenealy Vaidya firm "nothing but trouble," but Petitioners are actively engaged in litigation against C&C where they can argue to the Illinois court why they believe the information sought is relevant and discoverable (notwithstanding 35 U.S.C. §§ 301 and 302). Further still, *Antor Media* involved five reexamination requests that were consecutively filed to "perpetually" tie up the patent in reexamination.  *See Antor Media* at *1.  Here, there is only one *ex parte* request for reexamination on the '734 patent and it cannot be said that the '734 patent is perpetually tied up by the proceeding.  Second, Petitioners cite to the ruling in *Antor Media* that was before the Texas Judge overseeing the underlying litigation who had all the necessary parties for discovery before him.  Here, this Court does not have defendant C&C before it, nor is this

---

[6] A copy of the Transcript of the Proceedings on the Order is attached hereto as Exhibit E in this Motion.

Court the venue of the underlying contractual dispute.  Finally, it bears repeating that the

subpoena brought against the third-party law firm in *Antor Media* was in fact quashed because

there was an alternative to permitting discovery of the lawyers, which is exactly the case here.

### F.   Petitioners' Alleged "Compelling Reasons" Fail To Overcome The Presumption Of Confidentiality

Petitioners, through their subpoena, seek the identity of the client(s) retained by Kenealy

Vaidya, which is "precisely the information protected under 35 U.S.C.  §§ 301-02."  *Davco* at

92.  Under these Sections of the Patent Statute, the identity of the requester is afforded a

"presumption of confidentiality" that may only be overridden by a "compelling reason" offered

by the moving party.  *Id.* at 93.  Petitioners' "hunch" that C&C may be involved falls far short of

a compelling reason to pierce the presumption of confidentiality.

More specifically, Petitioners offer two unsupported assertions as justification for

overcoming the presumption of confidentiality.  First, they "believe C&C filed, or caused to be

filed, the Ex Parte Request in an attempt to circumvent the proceedings in the Illinois Action."

*See* Motion at 4.  The only context for Petitioners' belief is their statement that they have no

knowledge of a reexamination being filed on the '734 patent before.  *Id.*  There is no logical

nexus between the first filing of a request for *ex parte* reexamination on a patent and C&C's

alleged involvement.  Simply put, Petitioners believe C&C is involved because it happens to be

the defendant in the Illinois Action, but that provides no justification to seek discovery from

Kenealy Vaidya.

Second, Petitioners allege their "need for the client(s) identity to confirm C&C's link to

the Ex Parte Request greatly outweighs the anonymous client(s)' right to remain confidentiality."

*Id.* at 13.  However, Petitioners do not explain why this need greatly outweighs the presumption

of confidentiality, nor could they.  C&C's involvement, if any, can be ascertained in the Illinois

action if determined to be relevant and permissible discovery.  But in the context of the third-party subpoena served against Kenealy Vaidya, Petitioners suspicion that C&C may have filed the request "is not sufficient to overcome the confidentiality provision of Sections 301 and 302." *In Re Certain Digital Televisions* at 5, fn. 4.  Similarly, if the filer is any other party that may have an interest in the invalidity of the '734 patent, not only does their identity have no relevance to Petitioners' case against C&C, but their right to anonymity should be deemed paramount. Consequently, neither assertion put forth by Petitioners is a compelling reason for overcoming the presumption of confidentiality afforded in the reexamination process.

Finally, disclosure of the identity of the party filing the request will conflict with the policy reasons underlying 35 U.S.C. §§ 301 and 302 as identified by the *Davco* court.  Forcing a third party to disclose the identity would (1) not "encourage people to use the reexamination mechanism" and would instead have a chilling effect on ex parte requests because of fear of retaliation by the patent owner; (2) would not "provide certainty in the validity of patent rights" because it is the outcome of the reexamination rather than the identity of the requester that provides such certainty; and (3) would not "provide a faster, less expensive remedy than litigation" because it would encourage patent owners to shop other jurisdictions to subpoena any third-party law firm they suspect may disclose client identities, thus, increasing the amount and cost of litigation.  *Davco* at 92.

## IV.   THE SUBPOENA SHOULD BE QUASHED BECAUSE PETITIONERS ARE ATTEMPTING TO CIRCUMVENT THE ILLINOIS ACTION TO DISCOVER UNRELATED AND IRRELEVANT INFORMATION

Petitioners' subpoena is an attempt to circumvent the Illinois court in which Petitioners have already been denied a motion for expedited discovery to determine the identity of the anonymous filer of the request for *ex parte* reexamination.  Like the *Antor Media* case, Petitioners are attempting to use another court—without the defendant from whom they seek

information before it— to discover confidential information, despite having "an alternative to getting information from lawyers." Exhibit E at 13. For at least this reason, Petitioners' subpoena should be quashed.

A.     **The Illinois Court Is The Proper Venue For Discovery That Petitioners Seek**

Petitioners Diamond and Goldman are currently before the United States District Court for the North District of Illinois litigating an alleged breach of the license agreement by C&C. In this Illinois Action, both parties will be entitled to discovery. Petitioners will have the opportunity for written discovery, interrogatories, document request, and depositions to determine, should the court determine it relevant and discoverable, whether C&C was involved with the request for *ex parte* reexamination. There is no legitimate reason to allow Petitioners to side-step the Illinois court and get this Court involved in the discovery issues of the Illinois Action.

As the court in *Antor Media* recognized, the Judge to whom the two parties in a litigation are before can "control [the] whole thing as he sees fit within his jurisdiction" and simply needs to tell one party to disclose their involvement in a request for reexamination if it is warranted. Exhibit E at 13. Moreover, "wherever there's an alternative to getting information from lawyers, that is, when the information can be gotten from the client [] it ought to be gotten from the client. Permitting discovery of lawyers is nothing but trouble." *Id.* Petitioners already have the proper means to acquire the information they seek. Circumventing the Illinois Action to require disclosure of the confidential identity of an *ex parte* reexamination requester from a third-party law firm is not a proper means for third-party discovery. This Court does not need to get involved with the discovery issues pertaining to C&C and the Illinois Action because the Illinois court has already ruled on the issue and will provide the discovery mechanisms necessary for Petitioners to request the information they want from C&C.

16

**B.      Petitioners Were Already Denied Expedited Discovery In The Illinois Action
And Are Now Seeking To Circumvent The Illinois Court By Subpoenaing A
Third Party In A Different Jurisdiction**

Petitioners filed a motion for expedited discovery in the Illinois Action specifically

seeking whether C&C was involved with the *ex parte* reexamination request.  The Illinois Court

denied that motion on February 12, 2021, and referred the case to the magistrate judge for

supervision of discovery.  *See* Exhibit A.  Despite the denial of their motion in the proper

venue—Illinois—for failing to show any need for expedited discovery, Petitioners submitted the

present motion to compel compliance with subpoenas to this Court in an attempt to circumvent

the ruling of the presiding court.

Stated differently, Petitioners now request that this Court rule on a discovery issue that

was already determined by the Illinois court as not needing to be expedited.  The Illinois court,

with the two litigating parties before it, has determined how it will proceed with discovery and

there is no need, nor reason, advanced by Petitioners as to why the matter should be taken

outside of the jurisdiction of the Illinois court.

Finally, in the briefing for the motion for expedited discovery in the Illinois Action,

defendants C&C point out that Petitioners based their motion for expedited discovery on an

unenforceable clause of the 2011 license agreement.  *See* Def.'s Resp. in Opp'n to Pls.' Mot. For

Expedited Disc. at 2-3.[7]  Under the *Lear* Doctrine, public policy strongly favors a licensee

having the right to challenge the validity of the licensed patent.  *See Lear, Inc. v. Adkins*, 395

U.S. 653, 670-71, 89 S. Ct. 1902, 23 L. Ed. 2d 610 (1969).  Thus, C&C's contention is that the

no-challenge clause of the 2011 license agreement is unenforceable.  *Id.* at 3.  The Illinois court

did not rule on the enforceability of the license agreement when denying the motion for

---

[7] A copy of the Response is attached hereto as Exhibit F to this Motion.

expedited discovery, but the enforceability of the clause is still at issue.  Therefore, what

Petitioners implicitly seek from this Court is a predetermined ruling on the *Lear* Doctrine issues

of the Illinois Action.  Instead of potentially having their unsupported assertion that they believe

C&C initiated the *ex parte* request dismissed for relying on a potentially unenforceable clause,

Petitioners hope to side-step the issue entirely by acquiring confidential information from

Respondents such that they no longer need to rely on a potentially unenforceable clause from the

2011 license agreement.  Petitioners' gamesmanship further warrants a denial of their motion to

compel and a grant of Respondents motion to quash.

> **C.  Petitioner Is Not Only Seeking Specific Information Of C&C's Involvement, Which They Could Obtain Directly From C&C Through Discovery, But Also Who Is Generally Interested In The Validity Of The '734 Patent**

Petitioners seek extraordinary relief from this Court in their motion to compel.  While

Petitioners motion for expedited discovery in the Illinois Action sought only "communications

concerning the Ex Parte Request and Defendants' knowledge and/or involvement with the Ex-

Parte Request" from C&C, the present subpoena is much broader.  Pls.' Mot. For Expedited

Disc. at 3.[8]  Here, Petitioners seek "the identity of the client(s)" retained by Kenealy Vaidya

related to the *ex parte* reexamination requests and "billing invoices covering the same."  Motion

at 6-7.  Petitioners explain that they need this information to "determine if C&C or its agents

were directly or indirectly involved with challenging the validity, enforceability or scope of the

'734 Patent" and further to "determine whom [] KV personnel may have communicated with in

connection with the [] Ex Parte Request."  *Id.*  Petitioners state the information "would also

allow Petitioners to conduct further investigation as necessary to determine the person or persons

ultimately responsible for initiating the proceedings before the USPTO."  *Id.*

---

[8] A copy of the Motion is attached hereto as Exhibit G to this Motion.

Thus, Petitioners have made it clear to this Court that they do not simply seek to know whether C&C is involved, but rather, they are also on a fishing expedition to determine who is generally interested in the validity of the '734 patent.  This is an improper motive for issuing a subpoena on a third party and it is not a proper use of this Court's authority.  The strong public policy allowing for anonymous reexamination requests discussed herein should preclude Petitioners from turning the subpoena power into a wide net which they can cast across the country searching for any law firm that may have knowledge about persons interested in their patents.  Moreover, determining if there may be any other persons interested in the validity of the '734 patent is not relevant to the Illinois Action and, therefore, as explained below, provides an additional reason to quash Petitioners' subpoena.

**V.      THE SUBPOENA SHOULD BE QUASHED AS SEEKING INFORMATION THAT IS NOT RELEVANT AND BECAUSE IT IMPOSES AN UNDUE BURDEN ON KENEALY VAIDYA PURSUANT TO FED. R. CIV. P. 45**

**A.      Petitioners Seek The Identity Of The *Ex Parte* Requester Regardless Of Whether It Is Relevant To the Illinois Action**

Petitioners allege that identifying Kenealy Vaidya's client is "necessary to determine if C&C or its agents were directly involved with challenging the validity, enforceability or scope of the '734 patent through the USPTO actions."  Motion at 6-7.  However, such information is not relevant, nor necessary, to Petitioners' desired outcome.  At its core, Petitioners' request seeks two types of information.  Petitioners want to know whether C&C is behind the *ex parte* request; but if Petitioners cannot determine C&C's alleged involvement, they also believe they are

entitled to know who is generally interested in the validity of the '734 patent. *Id.* at 7. Neither scenario is permissible under Rule 45 of the Fed. R. Civ. P.

> **B.      Petitioners Request For Documentation To Confirm C&C's Alleged Involvement With The *Ex Parte* Reexamination Request Imposes An Undue Burden On Kenealy Vaidya**

Rule 45 subpoenas may only be used to compel production of information that is discoverable under Rule 26. *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 995 (D.C. Cir. 2014). Upon timely motion, a court must quash or modify a Rule 45 subpoena if the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." FED. R. CIV. P. 45(d)(3). In assessing what constitutes an undue burden, courts look to Rule 26. *See Coleman v. D.C.*, 275 F.R.D. 33, 36 (D.D.C. 2011). Rule 26 directs courts to limit discovery that "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or if "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." FED. R. CIV. P. 26(b)(2)(C)(i), (ii).

Petitioners' subpoena requesting client(s) identity and billing invoices subjects Kenealy Vaidya to an undue burden. Specifically, there is an undue burden because the requested information can be obtained from another source, C&C, in the Illinois court that is more convenient, less burdensome, and less expensive than a third-party subpoena in the District of Columbia. Petitioners allege that the information they seek "cannot be obtained from another source." *See* Motion at 8. This allegation is simply false. Petitioners can determine whether C&C was involved with the *ex parte* request directly from C&C through the discovery mechanisms of the Illinois Action.

Instead of using the proper discovery tools in the Illinois court, Petitioners ask this Court to compel Kenealy Vaidya to breach the confidentiality afforded to requesters of *ex parte*

reexaminations by the Patent Statute, the PTO, and numerous courts that have upheld the
presumption of confidentiality.  Such a breach of confidentiality is in contravention of public
policy and is not proportional to Petitioner's alleged need in the Illinois Action.  Furthermore,
Petitioners have provided no reason why Kenealy Vaidya client information is "necessary" for
the Illinois Action or why it is so urgently needed that they cannot wait for discovery in the
Illinois Action.

Ultimately, Petitioners are asking this Court for an extraordinary remedy that is beyond
the scope of discovery allowed under the Federal Rules of Civil Procedure, and must be denied.

### C.      Petitioners Request For Documentation To Determine Other Persons Allegedly Involved With The *Ex Parte* Reexamination Request Seeks Information That Is Not Relevant

Petitioners' general interest in investigating other persons(s) "ultimately responsible for
initiating the proceedings before the USPTO" is an improper use of discovery methods and
would provide no relevant information.  *See* Motion at 7.

If Petitioners are truly attempting to determine whether C&C was involved in the *ex parte*
request, the proper mechanism is through discovery in the Illinois Action.  Since Petitioners have
provided no substantial reason for involving this Court, it must follow that Petitioners are
searching, as they describe in their own brief, to determine "the person or persons ultimately
responsible for initiating the proceedings before the USPTO."  *Id.*  The identity of such person(s)
is irrelevant to the Illinois Action.

Whether or not another person(s) is interested in the validity of the '734 patent and
requested an *ex parte* reexamination has absolutely no bearing on whether C&C breached their
license agreement with Petitioners.  Permitting Petitioners to use this Court to advance their
fishing exhibition to learn the identity of other parties that may be unrelated to the Illinois Action

is improper.  Further, discovery is not a tool to be used by patent owners to circumvent the statutory protections guaranteed by Congress.

Even if, as Petitioners allege, the requested documents may somehow be relevant to the underlying breach of license agreement in Illinois, that does not give Petitioners free reign into discovery of who else may be involved in the ex parte request.  The presumption of confidentiality afforded to requesters in *ex parte* reexaminations can only be overcome by a compelling reason.  The general interest in the identity of a potential third party that is not relevant to the underlying action is in no way a compelling reason to overcome the presumption of confidentiality established by §§ 301 and 302 of the Patent Statute.

## VI. THE SUBPOENA SHOULD BE QUASHED AS SEEKING INFORMATION PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE[9]

Kenealy Vaidya respectfully submits that the subpoena should be quashed for the reasons discussed above and that this Court does not even need to reach the issue of attorney-client privilege because the presumption of confidentiality afforded by the Patent Statute as well as Fed. R. Civ. P. 45 and 26 provide sufficient independent grounds for quashing the subpoena. Nonetheless, Kenealy Vaidya maintains that Petitioners' subpoena seeks information protected by the attorney-client privilege and the subpoena should also be quashed for the following additional reasons.

While generally, the identity of an attorney's client is not privileged, there is an exception to the rule if the client's identity is sufficiently intertwined with the client's confidences.  *See Cause of Action Inst. v. United States Dep't of Just.*, 330 F. Supp. 3d 336, 350 (D.D.C. 2018).

---

[9] The identity of Kenealy Vaidya's client is also protected by the work product immunity doctrine.  *See Applied Telematics, Inc. v. Sprint Commc'ns Co., L.P.*, No. CIV. A. 94-4603, 1996 WL 539595, at *5 (E.D. Pa. Sept. 18, 1996) (finding "the reexamination proceeding is an adversarial proceeding, similar to "litigation", to which the work product doctrine applies").

Here, the identity of the client(s) that retained Kenealy Vaidya is sufficiently intertwined with the client's confidences because maintaining the confidentiality of the identity is specifically why the client(s) retained a law firm and filed an anonymous *ex parte* reexamination request. Forcing Kenealy Vaidya to reveal the identity of the client would disclose the primary confidence to which the client hoped to protect by filing the anonymous *ex parte* reexamination request. So, while Petitioners allege they are not seeking to compel any actual confidential communications, upon discovering the identity of the client(s) that retained Kenealy Vaidya, all would know who was convinced of the unpatentability of the claims of the '734 patent such that they were willing to engage in confidential communications with a law firm and expend the time and effort to file a request for reexamination. Indeed, so much client confidences would be revealed by the identity of the client that it cannot be said that this case is an ordinary situation in which client identity is not protected. And the filing of a privilege log is inapplicable to this scenario as the exact information that Petitioners request would have to be redacted from the log.

Besides, in the response and objections to Petitioners' subpoena, Kenealy Vaidya has already provided they do not possess documents or communications relating to the Illinois Action, the license agreement, C&C, or C&C's lawyers, and Petitioners are already in possession of the '734 patent reexamination request. *See* Exhibit B at 5-6. There is nothing more Petitioners can obtain through their subpoena other than general fishing for privileged information protecting the client(s) confidences. The facts before this Court qualify as an exception to the general rule for protecting an attorney's client identity and Petitioners' subpoena should be quashed.

## VII.    CONCLUSION

For all of the foregoing reasons, Kenealy Vaidya respectfully requests that Petitioners'

motion to compel be denied and that the Court grant Kenealy Vaidya's cross-motion to quash.


Dated: **April 23, 2021**                                      */s/ Ajit Vaidya*

                                                              **Ajit Vaidya (DC Bar #486031)**
                                                              KENEALY VAIDYA LLP
                                                              3050 K Street, NW
                                                              Suite 302
                                                              Washington, DC 20007
                                                              202.748.5903 (direct)

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of April 2021, I caused to be served a true a correct copy of the Memorandum of Points and Authorities in Support of Kenealy Vaidya LLP's Opposition to Petitioners' Motion to Compel Compliance with Subpoena for the Production of Documents and Corresponding Motion to Quash Petitioners' Subpoena by email upon the following:

      Tony Lu, Esq.
      Dentons US LLP
      One Beacon Street
      Suite 25300
      Boston, MA 02108
      tony.lu@dentons.com


      Wendy Peterson, Esq.
      Jason Champion, Esq.
      Knobbe, Martens, Olson & Bear LLP
      1717 Pennsylvania Avenue N.W.
      Suite 900
      Washington, DC 20006
      Wendy.peterson@knobbe.com
      Jason.champion@knobbe.com

                              /s/ *Ajit Vaidya*

25