**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DIAMOND SERVICES MANAGEMENT COMPANY, LLC and FREDERICK GOLDMAN, INC., | ) ) ) ) | |
| Petitioners | ) | Case No. 21-mc-00036 |
| v. | ) ) | Case In Other Court: *Diamond Services* |
| KNOBBE MARTENS OLSON & BEAR, LLP | ) ) ) ) | *Management Company, LLC et al. v. C&C Jewelry Manufacturing, Inc. et al.*, Case No. 19-cv-07675 (N.D. Illinois) |
| and | ) ) | |
| KENEALY VAIDYA, LLP | ) ) | |
| Respondents | ) | |

**REPLY IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS ISSUED TO KENEALY VAIDYA, LLP AND KNOBBE MARTENS OLSON & BEAR, LLP AND OPPOSITION TO KENEALY VAIDYA, LLP'S MOTION TO QUASH**

# **TABLE OF CONTENTS**

## **PART I**

I. KV'S Motion to Quash Should Be Denied As Untimely. ................................................. 2

II. Petitioners Have Asserted Sufficient Relevant Reasons to Overcome the Presumption of Confidentiality. ................................................................................................................ 2

    a. The Documents Sought By Petitioners Are Directly Relevant To Their Claims In The Illinois Action. ............................................................................................. 2

    b. Petitioners Cannot Obtain the Requested Information From Other Sources. ........ 6

III. The Requested Documents Are Not Privileged. .............................................................. 7

IV. There is No Undue Burden To KV To Produce Limited Documents .............................. 9

V. KV's Public Policy Argument Is Unavailing. .................................................................. 9

## **PART II**

VI. Knobbe Has Waived Arguments Opposing Petitioners' Subpoena ................................ 10

VII. Knobbe's Concerns Are Met By The Terms Of The Confidentiality Order .................. 11

VIII. Petitioners Are Not Required To Rely On Counsel's Assurances .................................. 11

IX. Conclusion ...................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Antor Media Corp. v. TruSonic, Inc.*,
  No. CIVA 5:06-CV-270 DF, 2009 WL 677313 (E.D. Tex. Mar. 9, 2009) ...............................6

*Berliner Corcoran & Rowe LLP v. Orian*,
  662 F.Supp.2d 130 (D.D.C. 2009) ...........................................................................................8

*Cause of Action Ins. v. United States DOJ*,
  330 F.Supp.3d 336 (D.D.C. 2018) ...........................................................................................8

*City of Waukesha v. EPA*,
  320 F.3d 228 (D.C. Cir. 2003) ................................................................................................10

*Davco Mfg. Corp. v. Peninsular Diesel, Inc.*,
  128 F.R.D. 91 (N.D. Ohio 1989) ..................................................................................2, 3, 4, 9

*Fischer Imaging Corp. v. Lorad Corp.*,
  148 F.R.D. 273 (D. Col. 1993) .................................................................................................4

*Flex-Foot, Inc. v. CRP, Inc.* 238 F.3d 1362, 1370 (Fed.Cir. 2001) .................................................5

*Gerber Sci. Int'l, Inc. v. Roland DGA Corp.,* 3:06-cv-2024, Doc. 304, at 1 (D.
  Conn. Apr. 18, 2012) ................................................................................................................4

*GFL Advantage Fund, Ltd. v. Colkitt*,
  216 F.R.D. 189 (D.D.C. 2003) .................................................................................................7

*In re Grand Jury Subpoena*,
  204 F.3d 516 (4th Cir. 2000) ....................................................................................................8

*In re Certain Digital Televisions and Certain Products Containing Same and
  Methods of Using Same*,
  ITC Investigation No. 337-TA-617, 2008 ITC LEXIS 512 (April 7, 2008) ............................4

*In re Columbia Univ. Patent Litig.*,
  330 F.Supp.2d 18 (D. Mass 2004) ............................................................................................3

*In re Vitamins Antitrust Litig.*, Misc. No. 99-197 (TFH), 2001 U.S. Dist. LEXIS
  8904, at 41 (D.D.C. June 20, 2001) .......................................................................................11

*Kone v. D.C.*, 808 F. Supp. 2d 80, 83 (D.D.C. 2011) ....................................................................8

*Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*,
    79 F.Supp.3d 60 (D.D.C. 2015) .......................................................................................10

*U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc*., 238 F. Supp. 2d
    270 (D.D.C. 2002) ............................................................................................................2

*Zenith Electronics Corp. v. Exzec, Inc.*,
    No. 93 C 5041, 1998 WL 9181 (N.D. Ill. Jan. 5 1998) ...........................................3, 6, 7

## **Rules**

Fed.R.Civ.P. 26 ......................................................................................................................9

Fed.R.Civ.P. 45 ............................................................................................................6, 10, 11

Petitioners Diamond Services Management Company, LLC ("Diamond") and Frederick Goldman, Inc. ("Goldman") (collectively "Petitioners"), hereby file this reply in support of Petitioners' Motion to Compel Compliance With Subpoenas for the Production of Documents Issued to Kenealy Vaidya, LLP ("KV") and Knobbe Martens Olson & Bear LLP ("Knobbe"), and opposition to KV's Motion to Quash. Petitioners address KV's Opposition under Part I, and Knobbe's Opposition under Part II. As set forth more fully below, both KV and Knobbe should be required to produce the information sought in Petitioners' subpoenas and Petitioners' Motion to Compel should be granted.

## PART I
## REPLY IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA ISSUED TO KENEALY VAIDYA LLP

With their subpoena, Petitioners seek discovery of crucial evidence that is directly relevant to Petitioners' breach of contract claim in the Illinois Action. That fact alone distinguishes this situation from the cases KV relies on and is precisely the type of justification necessary to overcome any presumption of confidentiality afforded to the requested materials. Indeed, all of the cases that KV cited, or attempted to distinguish, involved patent infringement claims, where no valid reasons were provided to the court to discover the identity of the anonymous client. In contrast, the Illinois Action is a breach of contract case, and the requested discovery is directly relevant to Petitioners' contract claim in that matter.

Petitioners do not dispute that 35 U.S.C.§§ 301 and 302 have been found to provide a *presumption* of confidentiality to the identity of those who cause the filing of 2020 *ex parte* reexamination request ("Reexamination"). Importantly, that presumption can be overcome and the circumstances here support such a finding. KV has not offered any valid reason to justify why they should be entitled to withhold such relevant material based on the balancing test

1

adopted by the courts. The information sought by the KV Subpoena is relevant and not protected by any applicable privilege, and will enable Petitioners to fulfill their obligation to confirm a chief, direct allegation made in the Illinois Action, or otherwise to continue their investigation.

## I. KV'S MOTION TO QUASH SHOULD BE DENIED AS UNTIMELY.

Although filed as an opposition to Petitioners' Motion to Compel, KV has also filed a corresponding Motion to Quash. Under Fed.R.Civ.P. 45(d)(3), a motion to quash a subpoena must be "timely" filed. While "timely" is not defined under the Rule or advisory notes, this district has interpreted "timely" to mean that the motion to quash should be filed within the time for compliance of the subpoena. *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 238 F. Supp. 2d 270, 278 (D.D.C. 2002) (and cases cited)(motion to quash filed three months after return date of subpoena was not timely).

Here, Petitioners served the KV Subpoena on January 21, 2021, which set the time of compliance for February 5, 2021. Based on the parties' agreement, KV responded to the KV Subpoena on February 11, 2021. KV's Motion to Quash, however, was filed on April 26, 2021 -- over two months after the date of compliance and after KV had already served its objections. Consequently, the Motion to Quash should be denied as untimely based on this ground alone. At the same time, the grounds discussed further below demonstrates KV's motion should be denied as a matter of law as well.

## II. PETITIONERS HAVE ASSERTED SUFFICIENT RELEVANT REASONS TO OVERCOME THE PRESUMPTION OF CONFIDENTIALITY.

### a. The Documents Sought By Petitioners Are Directly Relevant To Their Claims In The Illinois Action.

Even if the Motion to Quash was timely, KV has not presented sufficient justification to avoid compliance with the KV Subpoena. The "presumption of confidentiality" embedded in 35 U.S.C. §§ 301 and 302 is just that—a *presumption*—that is overcome where there are good

reasons to do so. *Davco Mfg. Corp. v. Peninsular Diesel, Inc.*, 128 F.R.D. 91, 93 (N.D. Ohio 1989). *Cf. In re Columbia Univ. Patent Litig.*, 330 F.Supp.2d 18, 20 (D. Mass 2004) ("a heightened relevancy standard must be applied" to patent materials but recognizing they are "not binding on the courts"). Although the *Davco* court stated in *dicta* that the confidentiality of the reexamination process could be overcome by "compelling reasons," none of the subsequent decisions cited by either party actually use the term "compelling reason" despite KV's multiple attempts to raise the burden. Rather, the courts have applied a balancing test to determine if disclosure is warranted based upon (1) whether the information sought is relevant to a party's claims or defenses; (2) whether the parties are competitors; and (3) whether discovery can be obtained elsewhere. *Zenith Elecs Corp. v. Exzec, Inc.*, No. 93 C 5041, 1998 WL 9181 (N.D. Ill. Jan. 5, 1998).[1] "A determination of direct relevance weighs in favor of disclosure." *Id.*

Here, the direct relevance of the information sought and Petitioners' inability to obtain the information elsewhere no doubt overcome the presumption of confidentiality afforded by 35 U.S.C. §§301 and 302.[2] Petitioners argue in the Illinois Action that C&C Jewelry Manufacturing, Inc. ("C&C"), breached a provision of a 2011 Settlement Agreement and 2011 License Agreement by challenging *or causing to be challenged* the validity, enforceability, or scope of the '734 Patent. As such, the identity of the party behind the *Reexamination*—and confirmation of whether or not that it is C&C or anyone acting in coordination with or on C&C's behalf—is central to one of the primary issues in the Illinois Action.

---

[1] KV's attempt to distinguish *Zenith* on the facts is misplaced: The balancing test is specific to the facts of the case and the Court should make that determination based on the record in this matter.

[2] The second factor (e.g. whether parties are competitors) does not apply here since Petitioners' served a third-party subpoena and the identity of the anonymous client is unknown.

3

Contrast with *Davco*, where the court found that the requesting party did not "establish[] the relevance of the information sought" and that, at most, the information had a "tenuous" connection to the issues of the case and that such "marginally relevant" information was not enough to outweigh the confidentiality of the requester. *Davco*, 128 F.R.D. at 92. Similarly, in the 2008 ITC decision cited by KV (KV Opp. at 9) and a related decision issued in the same matter, the party seeking discovery "offer[ed] little explanation" for its need and instead relied on "generalized assertions . . . that it is entitled to know who requested the reexaminations." *In re Certain Digital Televisions and Certain Products Containing Same and Methods of Using Same*, ITC Investigation No. 337-TA-617, 2008 ITC LEXIS 512 (April 7, 2008); *see also Fischer Imaging Corp. v. Lorad Corp.*, 148 F.R.D. 273, 275 (D. Col. 1993) (denying discovery of patent-related materials because "no specific showing of direct relevance or particularized need" was made). Likewise, *Gerber Sci. Int'l, Inc. v. Roland DGA Corp.,* 3:06-cv-2024, Doc. 304, at 1(D. Conn. Apr. 18, 2012) provides no context or background related to the court's denial of the motion to compel. Instead, the order merely states that "[t]he plaintiff has failed to present facts warranting disclosure," which is consistent with each case where the court denied the request for disclosure. (**Exhibit D** to KV Opp.). Notably, each of the three cases cited by KV involved infringement claims brought by one party against another.

Significantly, here, the Illinois Action is a breach of contract lawsuit, and not a patent infringement action, and the materials sought are directly relevant to the breach of contract claim asserted by the Plaintiffs/Petitioners. As set forth in the Illinois Action complaint (and numerous subsequent pleadings), C&C has entered into not one, but two separate but related agreements in which it specifically agreed not to challenge the validity, enforceability or scope of the '734 Patent. The first agreement was a 2011 Settlement Agreement between C&C and the patent

4

holder, Trent West, to resolve contentious litigation in the Northern District of California. The second is a 2011 License Agreement between Petitioner Diamond and C&C, which was a direct result of the 2011 Settlement Agreement. Both the 2011 Settlement Agreement and 2011 License Agreement contain "No Challenge" clauses, which are valid and enforceable because the parties negotiated the clauses to resolve pending litigation over the '734 Patent, among others. *Flex-Foot, Inc. v. CRP, Inc*. 238 F.3d 1362, 1370 (Fed.Cir. 2001).

Despite these contractual obligations, C&C has filed a myriad of counterclaims and affirmative defenses in the Illinois Action seeking to challenge the validity of the '734 Patent in direct violation of those agreements. Those counterclaims and affirmative defenses are subject to Plaintiffs/Petitioners' pending Motion to Dismiss.

While the litigation has proceeded in the Illinois Action, Petitioners discovered that KV filed the Reexamination of the '734 Patent on behalf of an anonymous client. The Reexamination, which has not been filed before by any party before the Illinois Action commenced, has the potential to substantively impact the Illinois Action.

Given C&C's arguments in the Illinois Action that the contractual provisions are somehow invalid or unenforceable, and the flagrant disregard for the contractual provisions that were entered into between sophisticated parties represented by counsel, it is not merely a "wonder" or "suspicion" that C&C and/or its principal had involvement (either directly or indirectly) with the Reexamination. The information requested in Petitioners' subpoena will confirm C&C's direct or indirect involvement. It may not only be merely probative, but also determinative of a primary issue in the breach of contract claim against C&C. This direct relevance certainly overcomes the presumption of confidentiality under 35 U.S.C. §§301, 302.

### b. Petitioners Cannot Obtain the Requested Information From Other Sources.

Although KV suggests that Petitioners can obtain the same discovery from C&C in the Illinois Action as the "other source," this alone does not relieve KV of its obligation under Fed.R.Civ. P. 45 to produce relevant, non-privileged documents requested in this case. (*See* KV Opp. p. 11, citing *Zenith Electronics Corp. v. Exzec, Inc.*, No. 93 C 5041, 1998 WL 9181 (N.D. Ill. Jan. 5 1998)).[3]

First, and unlike in *Antor Media*, where the defendant's direct involvement was in question, Petitioners seek to verify whether C&C, as a corporation, or Robert G. Connolly ("Connolly"), as an individual, used agents, acquaintances, or intermediaries in breach of the 2011 Settlement Agreement and 2011 License Agreement, particularly with respect to the "No Challenge" clauses. *See Antor Media Corp. v. TruSonic, Inc.*, No. CIVA 5:06-CV-270 DF, 2009 WL 677313, at *1 (E.D. Tex. Mar. 9, 2009). Consorting to file the Reexamination is expressly prohibited under the 2011 Settlement Agreement and 2011 License Agreement. The timing of the Reexamination, which KV filed while the Illinois Action was pending, suggests that C&C was involved in at least some capacity. Petitioners can only confirm this information by starting from the source of the Reexamination (e.g. KV) and then working backwards. In other words, the KV Subpoena is necessary to verify that C&C was either directly or indirectly involved with the Reexamination. If confirmed, then C&C would be in material breach of the 2011 Settlement Agreement and 2011 License Agreement.

Second, KV misstates or otherwise misunderstands the discovery that is available to Petitioners in the Illinois Action. While discovery has been ongoing, and the parties to the

---

[3] The balancing test, as set forth in *Zenith*, "weigh[s] the requesting parties interest in the materials against the objector's legitimate interest in the secrecy of the data." *Zenith,* 1998 WL 9181 at *3. Petitioners' interest is high, as the information sought is directly relevant and Petitioners cannot "obtain sufficient information . . . from other sources." *Id.*

6

Illinois Action have served written discovery, C&C has filed a partial motion to dismiss based on lack of personal jurisdiction over Connolly, among other issues. As a result, C&C has refused to produce any documents related to Connolly individually, and C&C has refused to answer interrogatories from Connolly in his individual capacity.

Third, and contrary to KV's assertion, the KV Subpoena is not an "attempt to circumvent the Illinois Court." Indeed, Petitioners readily acknowledge that the Illinois Court denied Petitioners' motion for expedited discovery related to the Reexamination, but the motion for expedited discovery solely requested a truncated timetable for C&C to respond to Petitioners' discovery requests related to the Reexamination. C&C ultimately responded to Petitioners' expedited discovery requests and denied involvement with the Reexamination and filing of the certificate of correction related to the '734 Patent. (*See* **Exhibit A**: C&C Response and Objection to Expedited Interrogatories). C&C, however, only answered the interrogatories on behalf of the corporation and refused to answer on behalf of Connolly, the owner, as an individual or law firms on behalf of the company. (*See id.*). As such, C&C's obstructionist tactics in the Illinois Action, as well as the pending partial motion to dismiss, have left Petitioners with few options at this junction but to seek discoverable information directly from KV. KV has easy access to the information being sought and it should be required to produce these materials as the most direct and clear source of the material.

Because KV is in possession of highly relevant information, and there is an absence of discovery tools available to Petitioners in the Illinois Action, the balance of the factors set forth in *Zenith* weighs in favor of disclosure.

**III.**    **THE REQUESTED DOCUMENTS ARE NOT PRIVILEGED.**

KV also fails to demonstrate that the attorney client privilege protects the requested materials from disclosure. As an initial matter, KV's failure to furnish a privilege log results in a

7

waiver of the underlying privilege claim.  *GFL Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189, 195 (D.D.C. 2003).  KV also fails to address Petitioner's motion seeking billing invoices related to the Reexamination, which would identify the person or persons who may have consulted with KV in connection with the Reexamination.  KV has therefore also waived its objections related to the billing invoices.  *Kone v. D.C.*, 808 F. Supp. 2d 80, 83 (D.D.C. 2011).

Nevertheless, even if KV had properly preserved any claim of privilege (it did not), the identification of its client does not fall into the narrow exception claimed because it would not reveal non-public information regarding the "motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law."  *See Berliner Corcoran & Rowe LLP v. Orian*, 662 F.Supp.2d 130, 134 (D.D.C. 2009).  KV's client's identity is not "sufficiently intertwined with the client's confidences." *Cause of Action Ins. v. United States DOJ*, 330 F.Supp.3d 336, 350 (D.D.C. 2018) (quoting *In re Grand Jury Subpoena*, 204 F.3d 516, 520 (4th Cir. 2000)).  That is because "[t]he attorney-client privilege protects only *confidential* communications" and "client communications with a lawyer relating to the preparation of [materials are] not confidential" where the materials are "to be published to others and w[ere] not intended to be kept in confidence." *In re Grand Jury Subpoena*, 204 F.3d at 521 (comparing cases where client uses attorney to publish material in line with pre-determined outcome—not privileged—with cases where communications directing the attorney to look into the *possibility* of making a public filing are privileged).  The client's motive—to challenge the validity of the patent—was already made public through the filing of the Reexamination, and revealing the client's identity would not disclose any further confidential information.

### IV. THERE IS NO UNDUE BURDEN TO KV TO PRODUCE LIMITED DOCUMENTS.

Nor has KV properly demonstrated that it would be unduly burdened by producing (1) an engagement letter and (2) billing invoices related to the Reexamination. In fact, KV does not even address the limited scope of Petitioners' request, nor does it argue the limited production would cause any undue burden if it were to comply with the KV subpoena.

Instead, KV relies upon Fed.R.Civ.P. 26 for an incorrect proposition that it can avoid compliance with the KV subpoena because the information in KV's possession can be obtained elsewhere. But this argument is belied by the very language of Fed.R.Civ.P. Rule 26, which states that parties may obtain "discovery regarding *any nonprivileged matter that is relevant to any party's claim or defense"* so long as the request is proportional to the needs of the case. Petitioners' request seeks only the identity of the client and billing invoices, which are limited in scope, and proportional to the needs of Petitioners' case in the Illinois Action for that reason. This information is also highly relevant to Petitioners' breach of contract claim in the Illinois Action, is available to KV, and not available by any other source. The limited scope of information sought by the KV Subpoena could lead to additional evidence of C&C's involvement with the Reexamination. Petitioners are entitled to pursue such discovery.

Therefore, the requested information falls squarely within the scope of Rule 26, notwithstanding KV's claim to the contrary.

### V. KV'S PUBLIC POLICY ARGUMENT IS UNAVAILING.

Disclosure of the requested information is not contrary to public policy. (*See* KV Opp. p. 15). As the *Davco* court recognized, "this Court is not creating a new universal privilege whereby the identity of an undisclosed client is never discoverable." *Davco,* 128 F.R.D. at 93. But "creating a new universal privilege" is precisely the position that KV presents by opposing the disclosure on purported "public policy" grounds. By KV's own logic, the client's identity

9

can never be disclosed because such disclosure would always have a "chilling effect' on ex parte requests, would not provide "certainty," and would not be "faster" or "less expensive." (KV Opp. p. 15).

As Petitioners have demonstrated above, and based on the case law that have interpreted and applied *Davco*, 35 U.S.C. §§301-302 merely creates a *presumption* of confidentiality, but it is not absolute, and can be overcome by a showing of relevance under the balancing test. And in this case, the balancing test strongly favors disclosure because the identity of the anonymous party in connection with the Reexamination trumps KV's argument that the information could be obtained elsewhere.

### PART II
### REPLY IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA ISSUED TO KNOBBE MARTENS OLSEN & BEAR, LLP

While Knobbe Martens Olson & Bear, LLP ("Knobbe") seeks to rely on different arguments than KV in opposing Petitioners' subpoena, the arguments it presents are not compelling and do not serve as a basis to deny Petitioners' Motion to Compel.

### VI. KNOBBE HAS WAIVED ARGUMENTS OPPOSING PETITIONERS' SUBPOENA.

Knobbe fails to challenge the relevancy of the requested documents for the Illinois Action in its Opposition. Knobbe also fails to challenge Petitioners' argument that neither the attorney-client privilege nor the patent-agent privilege protects the requested documents from production. And, Knobbe fails to argue that production of the requested documents would cause it any undue burden. Consequently, Knobbe has waived these arguments in response to

Petitioners' Motion to Compel under Fed.R.Civ.P. 45. *See, e.g., Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 79 F.Supp.3d 60, 80 n. 11 (D.D.C. 2015); *City of Waukesha v. EPA*, 320 F.3d 228, 250 n.17 (D.C. Cir. 2003) (argument raised "only summarily, without explanation or reasoning" is waived). While these arguments would be overcome if raised (*see* Part I *supra*), Petitioners' Motion to Compel should be granted on this ground alone.

VII. **KNOBBE'S CONCERNS ARE MET BY THE TERMS OF THE CONFIDENTIALITY ORDER.**

Instead of challenging the merits of the Rule 45 subpoena, Knobbe expresses concern over how the requested information may be used—outside the confines of the Illinois Action—to "harm or embarrass[]" its client. (Knobbe Opp. pp. 6-7). In order to address this concern, however, Petitioners' counsel has offered, and continue to offer, to stipulate to an amended confidentiality order to include documents produced by Knobbe in response to the Knobbe Subpoena. (A copy of the stipulated confidentiality order from the Illinois Action is attached as **Exhibit B**.) That confidentiality order provides that the documents acquired or produced in discovery "shall not be used or disclosed to the opposing parties or their affiliates . . . and shall not be used or disclosed for any purpose whatsoever other than in [the Illinois Action]." (*Id.* ¶ 7(a)). Knobbe tacitly acknowledges this fact, but requests that Petitioners be precluded from challenging any such designation. (*Id.*). This is unnecessary, as the terms of the confidentiality order in the Illinois Action sufficiently mitigate Knobbe's concerns.

VIII. **PETITIONERS ARE NOT REQUIRED TO RELY ON COUNSEL'S ASSURANCES.**

Knobbe further details a number of representations it has made regarding the identity of its client, and argues that "[s]uch representations should be more than sufficient to achieve Petitioners' stated purpose of the subpoena." (Knobbe Opp. p. 7). However, Petitioners are entitled to view the requested documents directly, and are not obligated to rely on counsel's assurances. *See, e.g., In re Vitamins Antitrust Litig.*, Misc. No. 99-197 (TFH), 2001 U.S. Dist.

11

LEXIS 8904, at 41 (D.D.C. June 20, 2001) (quoting *Westinghouse Elec. Corp. v. Rio Algam Ltd. (In re Uranium Litig.)*, 480 F. Supp. 1138, 1155 (N.D. Ill. 1979)) ("Under the rules of United States Courts, a party is not required to accept the assurance of opposing counsel" as to productions of materials requested in discovery, but rather "is entitled to draw his own conclusions on examination of the papers."). Such entitlement does not cast doubt on counsel's candor. Rather, there are a number of informal relationships that Knobbe may not be aware of or appreciate. Petitioners have a right to assess directly the relevance of these relationships.[4]

Moreover, and to the extent C&C may have used an intermediary to file the Certificate of Correction for the '734 Patent, knowledge of the client identity would allow Petitioners to continue their investigation and to seek additional discovery as necessary.

## IX. CONCLUSION.

With respect to the KV Subpoena and the Knobbe Subpoena, Petitioners seek a limited number of documents that are directly relevant to the Illinois Action, are not privileged, and do not present any undue burden upon either KV or Knobbe. Petitioners' Motion to Compel should be granted, and KV's Motion to Quash should be denied.

Dated: May 14, 2021                                           DENTONS US LLP

                                                              By: /s/ *Drew W. Marrocco*
                                                              Drew W. Marrocco (DC Bar # 453205)
                                                              **DENTONS US LLP**
                                                              1900 K Street NW
                                                              Washington, DC 20006
                                                              (202) 408-6387
                                                              drew.marrocco@dentons.com

---

[4] Knobbe seeks to use a discussion between counsel as a source of limitation to different specific scenarios which could reveal an informal relationship or agreement between C&C and KV's client. The fact is, without knowing the party who filed the ex parte request for a Certificate of Correction, it is impossible to evaluate what the relationship is (or isn't) between that party and the Defendants in the Illinois Action.

        Leah R. Bruno (*pro hac vice to be submitted*)
        **DENTONS US LLP**
        233 S. Wacker Drive, Suite 5900
        Chicago, IL 60606
        (312) 876-8000
        leah.bruno@dentons.com

        Tony K. Lu (*pro hac vice to be submitted*)
        **DENTONS US LLP**
        One Beacon Street, Suite 25300
        Boston, MA 02108
        (617) 235-6817
        tony.lu@dentons.com

        *Attorneys for Petitioners Diamond Services Management Company, LLC and Frederick Goldman, Inc.*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this 14th day of May, 2021, a true copy of the foregoing, **REPLY IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS ISSUED TO KNOBBE MARTENS OLSON & BEAR LLP AND KENEALY VAIDYA, LLP AND OPPOSITION TO KENEALY VAIDYA, LLP'S MOTION TO QUASH,** was served upon the following via ECF and electronic mail:

Wendy Peterson, Esq.
Jason Champion, Esq.
Knobbe, Martens, Olson & Bear LLP
1717 Pennsylvania Avenue N.W.
Suite 900
Washington, DC 20006
Wendy.peterson@knobbe.com
Jason.champion@knobbe.com

Ajit I. Vaidya, Esq.
Kenealy Vaidya, LLP
3000 K. Street, NW
Suite 200
Washington, DC 20007
avaidya@kviplaw.com

                                /s/     Drew W. Marrocco
                                *One of the attorneys for Petitioners*
                                *Diamond Services Management Company, LLC*
                                *and Frederick Goldman, Inc.*